## CULLEN *v.* LANGRIDGE *et al.*

WHERE in suit in a Justice's Court for damages to real property, the answer put in issue the ownership of the property, and the defendant moved to transfer the case to the District Court for trial, which motion was refused; and after trial before the Justice, judgment was rendered for plaintiff, and the defendant appealed to the County Court, where the judgment was set aside, and an order made transferring the case to the District Court, where, after trial, plaintiff again had judgment: *Held,* that the County Court had authority, under sections five hundred and eighty-one and three hundred and sixty-seven of the Practice Act, to transfer the case to the District Court; that the effect of the appeal to the County Court was to vest it with authority to make all orders necessary for the determination of the case; and as the case was to be tried *de novo,* and the County Court was incompetent, under the statute, to try it, the transfer to the District Court was necessary.

The fact that the sum sued for in such case was only two hundred dollars, does not deprive the District Court of jurisdiction. The fact that the title to real property was involved, and not the sum sued for, established the jurisdiction. The issue upon this question of title had first to be found in favor of plaintiff before he could recover any damages. This issue involved not only the right of plaintiff to recover, but the entire value of the property; and there being nothing in the record to show this value to be insufficient to support the jurisdiction, the presumptions are in favor of the validity of the proceedings.

APPEAL from the Tenth District.

The facts are stated by the Court. Defendants appeal.

*E. D. Wheeler,* for Appellants.

I.   The County Court, as an appellate Court, has only the right to review the judgment rendered in the Justices' Courts; and that review should be made in the shape of a trial *de novo.* The issues to be tried in the County Court are not new issues, gotten up on appeal, but the issues that were made in the Court below. (Wood's Dig. art. 1353.)

Where the County Court has passed upon the merits of the original issues in the case, its functions are exhausted, and it has nothing more to do with the matter. (*People* v. *El Dorado Co.,* 10 Cal. 19.) It has no power under any existing law to certify the case to the District Court; and any such act is a clear assumption of power.

Cullen *v.* Langridge.

There is but one process by which an action commenced before a Justice can reach the District Court, and that is provided for in article 1308, Wood's Digest, which empowers the Justice to certify the pleadings.

But even if they were proper cases to be certified up, under the statute this should have been done before the merits of the case had been passed upon, because the real issues having been tried by the Justice, resulting in a judgment in favor of the plaintiff, its removal to the District Court was in the nature of an appeal from that judgment, thereby throwing upon the District Court appellate powers, which it does not possess. (*Deck's Estate* v. *Gherke*, 6 Cal. 669.)

II.    Has the District Court jurisdiction in that class of cases mentioned in article 1308 ?    Whatsoever jurisdiction the District Court possesses, is derived either from the Constitution or from the statutes not in conflict with that instrument.    We must, therefore, seek in the proper quarter for the constitutional authority by which the District Court assumes to exercise this jurisdiction.    And the common remark, that " there is no right without a remedy," will not suffice in this case ; for it must be remembered that all legal remedies are arbitrary—the creatures of positive enactment.

III.    The District Court had no jurisdiction of the cases, even if the title to realty did arise—the amount in dispute being two hundred dollars only.

IV.    If it had jurisdiction, under the Constitution, of this class of cases, these cases are not within the rule, because the question of title did not necessarily arise.

*Rowe & De Long*, for Respondent.

Cope, J. delivered the opinion of the Court—Baldwin, J. and Field, C. J. concurring.

The questions in this case arise upon the following facts : Two actions were commenced by the plaintiff in a Justice's Court, to recover damages for injuries to real property.    The amount claimed in each case was two hundred dollars.    The defendants answered, put-

ting in issue the ownership of the property, and thereupon moved that the cases be transferred to the District Court for trial. The motions were overruled, and judgment was recovered by the plaintiff in both actions. On appeal to the County Court, these judgments were set aside, and an order was made transferring the cases to the District Court. They were there consolidated, and tried as one action, and judgment was again recovered by the plaintiff. The appeal is from this judgment.

The first point made is, that the County Court had no authority to transfer the cases to the District Court. This point, we think, is not well taken. Section five hundred and eighty-one of the Practice Act, regulating proceedings in Justices' Courts, provides as follows : " The parties shall not be at liberty to give evidence by which the question of title to real property shall be raised on the trial before a Justice ; and if it appear from the plaintiff's own showing on the trial, or from the answer of the defendant, verified by his oath, or that of his agent or attorney, that the determination of the action will necessarily involve the decision of a question of title to real property, the Justice shall suspend all further proceedings in the action, and certify the pleadings, or, if the pleadings be oral, a transcript of the same from his docket to the District Court of the county ; and from the time of filing such pleadings or transcript with the County Clerk, the District Court shall have over the action the same jurisdiction as if it were originally commenced therein." Section three hundred and sixty-seven provides that " the provisions of this act as to changing the place of trial, and all the provisions as to trials in the District Court, shall be applicable to trials on appeal in the County Court." There is no doubt of the meaning of these provisions ; and as the Justice improperly refused to certify the cases, it was the duty of the County Court to do so. The effect of the appeal was, to vest that Court with authority to make all orders necessary for their determination. They were to be tried *de novo,* and the incompetency of the County Court made it necessary to transfer them to the District Court for that purpose. What was done amounted to nothing more than a change of the place of trial from one tribunal to another, and this change was not only authorized but directed by the statute.

The second point is, that the amount in controversy was not sufficient to give the District Court jurisdiction. We think there is nothing in this point. It was the fact that the title to the property was involved, and not the amount claimed as damages, which established the jurisdiction. The matter out of which the jurisdiction arose was set up by the defendants, and the issues were completed before there was any transfer of the cases. In assuming jurisdiction, the Court acted upon the whole record; and in determining the propriety of its action, we must consider the issues presented for adjudication. The answer of title was a sufficient defense; and it was necessary that the issue upon that subject should be found for the plaintiff before the question of damages could be reached. This issue involved not only the right of the plaintiff to recover, but the entire value of the property; and there is nothing in the record to show that this value was not sufficient to support the jurisdiction. The presumptions are in favor of the validity of the proceedings; and we cannot entertain an objection to the jurisdiction in the absence of matter in the record sufficient to overcome these presumptions.

Judgment affirmed.