# HENDERSON *v.* ALLEN *et al.*

It is doubtful whether in an action for a forcible entry, or a forcible detainer, the title of the premises can be involved in the controversy. But where the action is against a tenant, for unlawfully holding over lands after the termination of a lease, the title may become involved, in some cases ; and in such cases the statute authorizing the removal of actions from a Justice's Court to a District Court, would be applicable.

In an action commenced before a Justice of the Peace, under the Forcible Entry and Detainer Act, an answer which denies generally the allegations of the complaint, is sufficient.

A, who claimed to be in possession of a tract of coal-bearing land, made a verbal agreement with B & C, by which they were to prospect for coal until they struck a particular seam, or ledge, and before they struck this ledge they were to do all the work and have two-thirds of the claim ; but after the ledge was struck, the work was to be prosecuted by the parties jointly, A to bear one-third of the expenses, and B & C two-thirds : *held*, that this agreement did not create the relation of landlord and tenant between A & B and C, but that it made them tenants in common, or partners in mining ; and that the action of unlawful detainer was not the proper remedy for A, if excluded from the premises by B & C.

APPEAL from the District Court, Seventh Judicial District, Contra Costa County.

The facts are stated in the opinion of the Court.

*G. F. & Wm. H. Sharp*, for Appellants.

*M. S. Chase*, for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This action was commenced before a Justice of the Peace, the plaintiff claiming to be the owner of a certain tract of land containing a coal mine, which he had leased to the defendant, Clark, under whom the other defendants claimed, and put him into possession, under an agreement by which the plaintiff was to have one-third of the coal taken from the mine in opening the same. The complaint avers that the term of the lease had expired, and the defendants refused to surrender the possession, and prays for restitution. The defendants Allen and Lander, filed an answer, denying the allegations of the complaint, and set up that they were the owners of the premises ; that the title was necessarily involved, and prayed that the cause be certified to the District Court for trial. The cause was afterwards so transferred, and at the trial, in the District Court, a judgment of nonsuit was rendered against the plaintiff ; from which, and from a motion refusing a new trial, he takes this appeal.

The first point we will notice is, that the District Court had no jurisdiction of the action, it having been commenced before a Justice of the Peace. It is doubtful whether, in an action purely for a forcible entry or detainer, the title can be involved in the controversy, the question being one relating solely to the possession. This Court seems to have held both ways upon this point. (*Larue* v. *Gaskins*, 5 Cal. 507 ; *Dickinson* v. *Maguire*, 9 Id. 50.) But where the action is against a tenant and others for unlawfully holding over lands after the termination of a lease, and other actions not founded upon a forcible entry or detainer, the title may properly become involved, in some cases, and the statute authorizing their removal to the District Court would be applicable. (*Cullen* v. *Langridge*, 17 Cal. 67.) This point is therefore overruled.

It is objected that the plaintiff was entitled to a judgment in the Justice's Court, for want of a sufficient answer. The answers deny generally the allegations of the complaint, and this was sufficient in

an action before a Justice of the Peace, where the strict rules of pleading do not apply.   Secs. 19 and 20 of the act under which this action·was brought, fully provide for such cases, the latter providing that "all matters of excuse, justification, or avoidance of the allegations of the complaint, may be given in evidence under the answer."   The objection that the defendants had no right to file an amended answer in the District Court, is not well taken.

It is further urged, that the Court erred in granting a nonsuit. It appears that the land in controversy is public land; that the plaintiff claimed to have entered under the Possessory Act of this State; that he made a verbal agreement with the defendants, by which they were to prosecute the proper work thereon until they struck coal, to receive two-thirds of the claim until they struck coal on a particular lode or seam, and after that the work was to be prosecuted by the plaintiff and defendants jointly, the plaintiff to pay one-third of the expenses and the defendants two-thirds; that the coal was not struck at the point designated.   The plaintiff was also to build a house upon the claim and hold possession thereof for the defendants, which he failed to do.   Nor had the plaintiff performed the acts required by the Possessory Law to entitle him to hold or claim the land under that act.   It appears that the defendants afterward located the tract, under the Possessory Act.   Under these facts the nonsuit was properly granted, and the plaintiff must seek his remedy, if any ·he has, under a different kind of action. The relation which existed between the plaintiff and the defendants was not that of landlord and tenant, but that of tenants in common, or partners, in the nature of a mining partnership; and therefore this kind of action will not lie.   It has been repeatedly held, that even the letting of land to a person to cultivate—the crops to be divided between the owner and the cropper, in certain proportions— did not amount to a lease, or create the relation of landlord and tenant between them.   In such case, the owner is held to be in possession of the land, and the parties are joint tenants in the crop. (*Bradish* v. *Schenck*, 8 J. R. 151; *Foote* v. *Colvin*, 3 Id. 216; *DeMott* v. *Hageman*, 8 Cow. 220; *Putnam* v. *Wise*, 1 Hill, 234.) In such case, it is an agreement to work on shares, and not a lease to render rent, for which an action will lie against the tenant.

34

(*Caswell* v. *District*, 15 Wend. 379.)   So in the present case, the agreement is to work the mine on shares, and not a lease of the land to render rent; and this kind of action will not therefore lie.

The judgment is affirmed.