[No. 15541.    Department Two.—December 6, 1894.]

## JOSEPH MACDONOUGH, APPELLANT, *v.* ALBION W. STARBIRD ET AL., RESPONDENTS.

LANDLORD AND TENANT—REMOVAL OF TRADE FIXTURES—LUMBER-YARD OFFICE.—An office, erected by a tenant of a lumber-yard, and resting upon mudsills placed on the surface of the ground, is a trade fixture which, under section 1019 of the Civil Code, the tenant has a right to remove at any time during the continuance of the term.

ID.—LEASE FROM MONTH TO MONTH—EFFECT OF TRANSFER OF TITLE— CHANGE OF LEASE.—A mere transfer of title does not in any way change, modify, or affect a lease from month to month; but the grantee simply takes the place of his grantor, and becomes the landlord of the tenant, and the lease continues as before, subject only to change in the mode prescribed by statute.

ID.—CONTINUANCE OF TENANCY—RIGHT TO REMOVE TRADE FIXTURE— IGNORANCE OF GRANTEE—INJUNCTION.—Where no notice was given by the grantee pursuant to section 789 or section 827 of the Civil Code, and no attempt was made by him to terminate the lease from month to month, or to change its terms in any way, but he accepted the customary rent, and allowed the occupancy to continue for a full year, there is a recognition and continuance of the old lease by the grantee, and not the taking of a new one by the tenants, and the tenants have a right to remove an office building as a trade fixture during the continuance of the lease from month to month, and the new landlord cannot enjoin such removal on the ground that he was ignorant of an agreement between the tenants and his grantor for such removal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Edward P. Cole*, for Appellant.

The house became a part of the freehold. (1 Blackstone's Commentaries, 17, et seq.; *Fratt* v. *Whittier*, 58 Cal. 130; 41 Am. Rep. 251; *West Coast Lumber Co.* v. *Apfield*, 86 Cal. 338, 339; *Madigan* v. *McCarthy*, 108 Mass. 376; 11 Am. Rep. 371; *McKiernan* v. *Hesse*, 51 Cal. 595; *Merritt* v. *Judd*, 14 Cal. 63; 1 Jones on Mortgages, 331.) The intention of the party erecting the building should be considered in determining whether or not the building was to be a fixture. (*Lavenson* v.

*Standard Soap Co.*, 80 Cal. 250; 13 Am. St. Rep. 147.)
The intention with which a chattel is annexed, of
course, is not the private intent of the party annexing,
but must be the intent inferable from the facts of
annexation and the purposes for which it is made.
(*State Sav. Bank* v. *Kercheval*, 65 Mo. 682; 27 Am. Rep.
310; 1 Washburn on Real Property, 23, 25, and notes;
*Pennybecker* v. *McDougal*, 48 Cal. 162.) As the plaintiff
bought the house without actual knowledge of any
agreement between his vendor and the defendant as to
the latter's right to remove the house plaintiff is not
bound by any such agreement, and the building passed
by the grant. (*Rowand* v. *Anderson*, 33 Kan. 264; 52
Am. Rep. 529; *Prince* v. *Case*, 10 Conn. 375; 27 Am.
Dec. 675; *Blagen* v. *Thompson*, 23 Or. 239; *Powers* v.
*Dennison*, 30 Vt. 752; *Gibbs* v. *Estey*, 15 Gray, 587–89;
*Madigan* v. *McCarthy*, 108 Mass. 376; 11 Am. Rep. 371;
*Southbridge Sav. Bank* v. *Stevens Tool Co.*, 130 Mass.
547.) Starbird, having attorned to Macdonough by
paying him rent without claiming any right to the
house, waived, as a matter of law, all claim to remove
the building. (*Merritt* v. *Judd*, 14 Cal. 60; *Marks* v.
*Ryan*, 63 Cal. 111.) When Macdonough bought, a new
term began, and when he attorned a new landlord was
made, and a new tenancy was created. (*Alton* v. *Picker-
ing*, 9 N. H. 494.) After this new tenancy under Mac-
donough the defendants, not having claimed this
building, and not having entered into an arrangement
with him for its removal, surrendered all right so to
do. (*Loughran* v. *Ross*, 45 N. Y. 792; 6 Am. Rep. 173;
*Marks* v. *Ryan*, 63 Cal. 111.)

*J. H. Henderson*, for Respondents.

The house was not a fixture. (*Kelly* v. *Austin*, 46 Ill.
158; 92 Am. Dec. 243; *Pennybecker* v. *McDougal*, 48 Cal.
160; *Miller* v. *Waddingham*, 91 Cal. 379; *Dietz* v. *Mis-
sion Transfer Co.*, 95 Cal. 102.) To constitute a fixture
there must be both actual annexation and an intention
to annex, and the rule as between landlord and tenant

is most liberal in its application. (See note to Deer-ing's Civil Code, sec. 660, and 8 Am. & Eng. Ency. of Law, title "Fixtures.") The intent at the time of an-nexation governs. (1 Washburn on Real Property, 5th ed., sec. 18.) Even if the building was a fixture the defendant had a right to remove it, as Macdonough is bound by the stipulation of his predecessors in interest with the defendant. (1 Washburn on Real Property, sec. 27.) The possession of the tenant put the pur-chaser upon inquiry, and he is chargeable with notice of the terms of the lease. (2 Pomeroy's Equity Juris-prudence, sec. 625; *Thompson* v. *Pioche*, 44 Cal. 516; *Dreyfus* v. *Hirt*, 82 Cal. 625; *Security etc. Co.* v. *Willa-mette Steam etc. Co.*, 99 Cal. 636.) If, however, the building was a fixture, it was a trade fixture, and the defendant had a right to remove the house at any time while in the possession of the property as tenant. (Civ. Code, secs. 1019, 1945, 1946; *Penton* v. *Robart*, 2 East, 88; *Weeton* v. *Woodcock*, 7 Mees. & W. 14; *Mack-intosh* v. *Trotter*, 3 Mees. & W. 184; *King* v. *Wilcomb*, 7 Barb. 263; *Devin* v. *Dougherty*, 27 How. Pr. 455; *Allen* v. *Kennedy*, 40 Ind. 142; Tyler on Fixtures, 453.)

BELCHER, C.—The plaintiff commenced this action to obtain an injunction restraining the defendants from removing a building from a lot of land owned by him.

The case was tried, and the findings and judgment were in favor of the defendants. The plaintiff appeals from the judgment and an order denying his motion for a new trial.

It appears that in 1881 one Bartlett was the owner of beach and water lot No. 586, in the city of San Fran-cisco, and leased the same to the defendants from month to month for a lumber-yard. The defendants erected on the lot the building in question to be used by them as an office in conducting their business. The building was a one-story wooden structure twenty feet square, and for its foundation they placed mudsills on the sur-

face of the ground, and on these mudsills were short posts on which the main sills rested.

The defendants occupied the lot as tenants of Bartlett, and paid him monthly rent therefor until about September 1, 1885, when he sold and conveyed the same to one Jennings. Jennings recognized and renewed the said lease, and the defendants thereafter held and occupied the lot as his tenants from month to month; and it was understood and agreed by him that the said building was the property of defendants, and might be removed by them from the lot at any time.

In December, 1891, Jennings conveyed to the plaintiff, by an ordinary bargain and sale deed, the said lot, " together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof."

When the plaintiff bought the property he had no knowledge or notice of the agreement between Jennings and defendants that they might remove the building from the lot at any time, other than such as would be given by their occupancy as tenants.

No new lease or agreement as to lease was made between plaintiff and defendants, but they continued to hold the property from month to month, and to pay to the plaintiff the same rent as before, until December, 1892, when they attempted to remove the building, and this action was commenced.

The contention of appellant is: 1. That the building was affixed to the land, and was a part of the realty, and that he was an innocent purchaser of the land and building, and hence was not bound by the oral agreement of Jennings that defendants could remove the building; 2. That defendants took a new lease from plaintiff, without any new arrangement as to removal, and that they had no right to remove after they ceased to be tenants of Jennings.

The questions arising under appellant's first conten-

tion are very elaborately discussed by counsel, but we do not deem it necessary to consider them. In our opinion the building, if a fixture, was a trade fixture, which, under section 1019 of the Civil Code, defendants had a right to remove at any time during the continuance of their term. (*Security etc. Co.* v. *Willamette etc. Co.*, 99 Cal. 636.)

The only questions then are: Did the term of defendants' lease end when plaintiff purchased the property? And did the occupancy of the premises after the purchase, without objection, and the payment to and acceptance by the plaintiff of the monthly rent, constitute a new lease, or only a continuance of the old one?

It is clear that the mere transfer of the title did not in any way change, modify, or affect the lease. The grantee simply took the place of his grantor, and became the landlord of defendants. The lease continued as before, subject only to change in the mode prescribed by statute.

. Section 789 of the Civil Code provides: "A tenancy or other estate at will, however created, may be terminated by the landlord's giving notice in writing to the tenant, in the manner prescribed by section 1162 of the Code of Civil Procedure, to remove from the premises within a period of not less than one month, to be specified in the notice."

And section 827 of the same code provides: "In all leases of lands or tenements, or of any interest therein, from month to month, the landlord may, upon giving notice in writing, at least fifteen days before the expiration of the month, change the terms of the lease, to take effect at the expiration of the month."

Here no notice was given by plaintiff, and no attempt was made by him to terminate the lease or change its terms in any way. On the contrary, he accepted the customary rent, and allowed the occupancy to continue for a full year. This, it seems to us, shows the recognition and continuance by plaintiff of the old lease, and not the taking of a new one by defendants.

It follows, in our opinion, that when defendants commenced to remove the building, it was during the continuance of their term of lease, and they had a right to make the removal.

The judgment and order appealed from should be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.