[No. 15424.    Department One.—April 6, 1895.]

## J. N. KNOWLES, EXECUTOR, ETC., ET AL., RESPONDENTS, v. BRIDGET MURPHY ET AL., APPELLANTS.

UNLAWFUL DETAINER—PARTIES—ACTION BY EXECUTORS OF DECEASED LESSOR.—The executors of a deceased lessor may bring an action of unlawful detainer against his lessees, who hold over after written demand for the payment of rent or for the delivery of possession of the demised premises.

ID.—ESTATES OF DECEASED PERSONS—EXECUTORS SUCCESSORS TO ESTATE OF LANDLORD—NOTICE TO TENANT.—While engaged in the administration of the estate of a deceased person, the executors are to be regarded as the successors in estate of the landlord, for the purpose of giving the notice authorized by section 1161 of the Code of Civil Procedure, and enforcing against the tenant who is guilty of an unlawful detainer the remedies authorized by that code.

ID.—PLEADING—SURPLUSAGE.—Where the complaint in an action of unlawful detainer sufficiently states a cause of action, and sets forth the terms of the lease and the period during which the defendant had been in default in the payment of the rent prior to the date of the demand, and showing that the rent was payable in advance, the averment that the amount in default covered a period which extended beyond the date at which the demand was made, or beyond the date when the last installment accrued, is merely surplusage.

ID.—MANNER OF SERVICE OF NOTICE—GENERAL DEMURRER—CONSTRUCTION OF PLEADING.—It is not necessary in a complaint for unlawful detainer to allege the manner in which the notice to pay the rent or to surrender possession was served, and, if the fact of the service is distinctly alleged, this allegation will be construed, as against a general demurrer, to include every thing necessary to constitute a sufficient service.

ID. — NONSUIT—SUFFICIENCY OF PROOF. — A nonsuit is properly denied, where the proof shows the execution of the lease and the default in the payment of the rent provided therein, and there is an admission in the answer that the defendants held possession of the demised premises.

ID.—PLEADING—ADMISSION OF POSSESSION—CONSTRUCTION OF DENIAL.— A denial of the defendants in their answer that they still continue to hold or occupy the premises, or any part thereof, as tenants, is an admission that they are in possession, and merely denies the tenancy.

ID.—TITLE NOT INVOLVED—DEED INTENDED AS MORTGAGE—ESTOPPEL OF TENANT.—In an action of unlawful detainer against a lessee, the question of title is not involved; and the lessees cannot avoid the obligation assumed by reason of the lease, by showing that the lessors did not have the title to the premises demised to them.

ID.—EFFECT OF POSSESSION AT TIME OF LEASE—ESTOPPEL—QUESTION OF FRAUD.—The rule that a person in possession of premises at the time of entering into a lease is not estopped from disputing the title of the lessor does not apply in an action of unlawful detainer, except that

the tenant may show that he was induced to accept the lease by any fraud of the lessor which, if shown, would destroy the relation of landlord and tenant, and remove the estoppel.

ID.—EFFECT OF DEED AND LEASE AS SECURITY—RIGHTS OF LESSOR.— Even if a deed and lease are both executed merely as security for the payment of indebtedness, the lessees are still subject to the obligations consequent upon entering into the lease, one of which is the right of the lessor to a judgment for possession in case of default of the lessee in payment of rent, and the lessor has the right to avail himself of all the remedies afforded by law for making that security effective.

ID.—OPTION TO PURCHASE—EFFECT OF TENDER—SPECIFIC PERFORMANCE— OBLIGATION TO PAY RENT.—A tender made by virtue of an option clause in the lease, entitling the lessees to purchase the leased premises, does not release the lessees from their obligation to pay the rent, unless they have sought an enforcement of the agreement to sell on the part of the lessor

ID. — ABANDONMENT OF OPTION — SUBSEQUENT PAYMENT OF RENT. — The subsequent payment of rent by the lessees must be regàrded as an abandonment of the exercise of an option to purchase.

ID.—OFFER OF PAYMENT OF INDEBTEDNESS—KEEPING TENDER GOOD.—An offer of payment of indebtedness, intended for the purpose of extinguishing the indebtedness, cannot have that effect unless the tender is kept good.

ID.—ISSUE OF FRAUD—INSTRUCTION AS TO EXECUTION OF LEASE—ADMISSION OF SIGNING.—Where the signing of the lease was admitted by the defendants in their answer, and their signatures to the instrument when it was offered in evidence were not disputed, and the issue before the jury was whether the signing was voluntary, or had been induced by fraud, an expression in the charge to the jury that the execution of the lease was admitted, could not have misled the jury where it appears that the issues as to the execution of the lease and as to whether there was any fraud practiced, were fairly and fully presented to the jury by the court.

ID.—EVIDENCE OF PAYMENT OF RENT—PRESUMPTION.—Where the fact is undisputed that the lessees paid money to the lessor, and took receipts from him, in which the money was stated to have been paid as rent, such payments must be presumed to have been made under the lease.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan*, for Appellants.

The averment in the complaint as to the amount due for rent on March 3, 1892, shows that the demand for the full sum upon February 12, 1892, was prematurely

made.    Demand must be made for the precise amount
due, and a demand for more than the amount due is
fatal to a recovery.    (*Gage* v. *Bates*, 40 Cal. 384; *O'Con-
nor* v. *Kelly*, 41 Cal. 432; *McGlynn* v. *Moore*, 25 Cal. 384;
Code Civ. Proc., sec. 1161, subd. 2.)    The complaint
fails to state a cause of action in this, that it contains
no allegation of service of notice to pay rent or surren-
der possession, as required by sections 1161, subdivision
2, and 1162 of the Code of Civil Procedure.    (*Conley*
v. *Conley*, 78 Wis. 665; *Conley* v. *McGarey*, 78 Wis. 669;
*People* v. *Keteltas*, 12 Hun, 69; *Miles* v. *Orr* (N. J., Nov.
4, 1892), 25 Atl. Rep. 268; *Schuyler* v. *Trefren*, 26 N. J. L.
213; *Scheifele* v. *Irving*, 53 N. J. L. 180.)    An executor
of a deceased landlord has no right under the statute to
sue the tenant in unlawful detainer.    (*Reay* v. *Cotter*,
29 Cal. 169; *Martel* v. *Meehan*, 63 Cal. 47.)    Entry of
the defendants under the lease introduced in evidence
has not been proven.    The production of the lease was
not of itself sufficient to show the relation of landlord
and tenant.    (*Caldwell* v. *Center*, 30 Cal. 544; 89 Am.
Dec. 131; *Davidson* v. *Ellmaker*, 84 Cal. 21.)    Proceed-
ings in unlawful detainer are purely statutory.    It is
essential to the validity of the proceedings that the
statute should be strictly complied with.    (*Iburg* v.
*Fitch*, 57 Cal. 189; *Martel* v. *Meehan, supra; Kelly* v.
*Teague*, 63 Cal. 68; *Reay* v. *Cotter, supra; Conley* v. *Con-
ley, supra.*)    The statute authorizing summary pro-
ceedings against tenants who hold over applies only
where the conventional relation of landlord and tenant
exists, and not where it is created by operation of law.
(*Evertson* v. *Sutton*, 5 Wend. 281; 21 Am. Dec. 217.
See, also, *Benjamin* v. *Benjamin*, 5 N. Y. 383; *Roach* v.
*Cosine*, 9 Wend. 227; *Sims* v. *Humphrey*, 4 Denio, 185.)
The conduct of the court in preventing defendants from
proving the value of the premises is clearly erroneous.
Great inequality between the value of the property and
the price alleged to have been paid for it is a circum-
stance tending strongly to show that a deed absolute
in form was only a mortgage.    (*Husheon* v. *Husheon*,

71 Cal. 407; *Russell* v. *Svuthard*, 12 How. 139.) The defendants did not, nor did either of them, enter under the alleged lease, and therefore had a right to question the alleged landlord's title. They had the right to show that they were the owners of the land, and, as to C. P. Lolor, occupied the relation of mortgagors only. (*Tewksbury* v. *Magraff*, 33 Cal. 243; *Franklin* v. *Merida*, 35 Cal. 567; 95 Am. Dec. 129; *Pacific Mut. Life Ins. Co.* v. *Stroup*, 63 Cal. 150; *Davidson* ᴠ. *Ellmaker*, *supra*; *Johnson* v. *Chely*, 43 Cal. 299, 305; *Peralta* v. *Ginochio*, 47 Cal. 460; *Smith* v. *Smith*, 81 Tex. 45.)

*Edward J. McCutchen*, and *Wilson & McCutchen*, for Respondents.

The allegations of the complaint as to the amount of rent due were sufficient as against a general demurrer. (See *Amestoy* v. *Electric Rapid Transit Co.*, 95 Cal. 311, 314.) The complaint contains substantially all the averments of fact required by the statute, and is therefore sufficient. (Gear on Landlord and Tenant, 754; *Spear* v. *Lomax*, 42 Ala. 485, 487.) This action was properly brought by the representatives of the decedent. (Code Civ. Proc., sec. 1582; *Cunningham* v. *Ashley*, 45 Cal. 485, 493; *Spotts* v. *Hanley*, 85 Cal. 155; *Spear* v. *Lomax*, *supra*; *Moody* v. *Ronaldson*, 38 Ga. 652.) The testimony offered to show the value of the property at the date of the deed and lease was incompetent, irrelevant, and immaterial, as it was offered as tending to show title in the defendants, which is not proper in an action such as this. (*Felton* v. *Millard*, 81 Cal. 540; *Mason* v. *Wolf*, 40 Cal. 246, 250; *Reay* v. *Cotter*, 29 Cal. 170; *Fish* v. *Benson*, 71 Cal. 437; Code Civ. Proc., sec. 1962; 1 Walsh on Real Property, 5th ed., 600; *Territt* v. *Cowenhoven*, 79 N. Y. 400; *Thayer* v. *Society of U. B.*, 20 Pa. St. 60; *Miller* v. *Bonsadon*, 9 Ala. 318; *King* v. *Bolling*, 77 Ala. 594; *Prevot* v. *Lawrence*, 51 N. Y. 222; *Carter* v. *Marshall*, 72 Ill. 611; *Gage* v. *Campbell*, 131 Mass. 566; *Cobb* v. *Arnold*, 8 Met. 398.)

HARRISON, J.—Defendants entered into a lease with
C. P. Lolor, bearing date August 3, 1885, by the terms
of which he hired and demised to them a certain lot of
land in San Francisco, for the term of six months, at
the monthly rent of thirty-one dollars, payable in ad-
vance on the third day of each and every month dur-
ing said term. The instrument contained a clause
giving to the defendants the option of purchasing the
demised premises at any time during the term, by pay-
ing the sum of three thousand seven hundred dollars
and all the rent accruing under the lease. The defend-
ants had been in possession of the land, claiming to be
owners thereof, for several years prior to this time, and
had mortgaged it to Lolor to secure an indebtedness to
him of three thousand dollars. Lolor had commenced
an action to foreclose the mortgage, and while that
action was pending the defendants executed to Lolor a
conveyance of the lands, and at the same time took
from him the aforesaid lease. After its execution they
paid all the rent which accrued, according to the terms
of the lease, prior to April 3, 1891. Lolor died in
December, 1890, and, in March, 1891, the plaintiffs were
appointed his executors. The defendants not having
paid any rent after their appointment, the plaintiffs, on
the 12th of February, 1892, served upon each of them
a written demand for the payment of the rent, stating
the amount then due, or that they deliver possession of
the demised premises  This demand not being com-
plied with, the present action was brought. Judgment
was rendered in favor of the plaintiffs, and the defend-
ants have appealed therefrom and also from an order
denying a new trial:

1. The plaintiffs were authorized to bring this action.
"Actions for the recovery of any property, real or per-
sonal, or for the possession thereof, and all actions
founded upon contracts, may be maintained by and
against executors and administrators in all cases in
which the same might have been maintained by or
against their respective testators or intestates." (Code

Civ. Proc., sec. 1582.) In *Martel* v. *Meehan,* 63 Cal. 47, it was held that the provisions of this section do not apply to an action brought, under the provisions of section 1161 of the Code of Civil Procedure, *against* an executor of one who in his lifetime had been a tenant of the plaintiff, for the reason that the section authorizes such action only when the tenant continues in possession, "in person or by subtenant," and that the executor is not such "person" or a subtenant; and that a judgment against an estate in the nature of a penalty of three times the amount of the rent should not be given unless expressly authorized by statute. These reasons do not exist in the case of an action *by* executors. The section expressly authorizes them to bring actions for the recovery of any property, in all cases in which the same might have been brought by their testator; and while they are engaged in the administration of the estate the executors are to be regarded as the "successor in estate of the landlord," for the purpose of giving the notice authorized by section 1161, and enforcing against a tenant who is guilty of an unlawful detainer the remedies authorized by that chapter.

2. The complaint sufficiently states a cause of action against the defendants. The terms of the lease were alleged, and also the period during which the defendants had been in default in the payment of the rent prior to the date of the demand. The rent was payable in advance, and the averment that the amount in default covered a period which extended beyond the date at which the demand was made, or beyond the date when the last installment accrued, was merely surplusage. It was alleged that the demand was made February 12, 1892, and within one year after the rent became due. It was not necessary to allege the manner in which the notice to pay rent or surrender possession was served. The fact of the service is distinctly alleged, and upon a general demurrer this allegation will be construed to include every thing necessary to constitute a sufficient service.

3. The nonsuit was properly denied. Upon proof of the execution of the lease, and the default in the payment of the rent provided therein, with the admission in the answer that the defendants held possession of the demised premises, the plaintiffs were entitled to judgment. It was alleged in the complaint that " said defendants unlawfully hold over and continue in the possession of said premises," etc. The denial of the defendants that they " still continue to hold or occupy said premises, or any portion thereof, as tenants of C. P. Lolor," is an admission that they were in possession, but merely a denial of the tenancy. It was not necessary that the defendant Bridget Murphy should acknowledge the lease in order to be bound by its terms.

4. The defendants alleged in their answer that the conveyance by them to Lolor on the same day that they executed the lease was merely by way of security for the payment of their indebtedness, and that the deed, although absolute in form, was only a mortgage, and was executed upon the agreement on the part of Lolor that, upon payment of the sum of three thousand seven hundred dollars, and interest at the rate of thirty-one dollars per month, he would reconvey the premises to them; that they did not enter into possession of the premises under the lease; and that they were induced to sign the lease by reason of certain false and fraudulent representations by Lolor to the effect that the lease was intended only as additional security for a payment of said indebtedness.

The court instructed the jury very fully and explicitly, that if they should find that the defendants were induced to accept the lease from Lolor through fraud or deception practiced upon them by Lolor, the lease did not create the relation of landlord and tenant, and that they must find for the defendants. The verdict in favor of the plaintiffs established that the lease was not entered into by the defendants by reason of any fraud or deception on the part of Lolor. It was immaterial, for the purposes of this action, whether the deed from the

CVII. CAL.—8

defendants to Lolor was absolute or by way of mortgage. The question of title was not involved, and the defendants could not avoid the obligation assumed by them by reason of the lease, by showing that Lolor did not have the title to the premises which he demised to them. Upon their failure to sustain the averments of fraud and false representations the presumption arose that the lease is to be construed and to have effect according to its terms. Even if it had been admitted that the deed and the lease were both executed merely as security for the payment of the indebtedness, the defendants would still be subject to the obligations consequent upon their entering into the lease, one of which is the right of the lessor to a judgment for possession in case of their default in payment of the rent. Their contention, that inasmuch as they were in possession of the premises at the time they entered into the lease, they are not estopped from disputing the title of the lessor, is inapplicable to the present case. In *Tewksbury* v. *Magraff*, 33 Cal. 237, and in *Franklin* v. *Merida*, 35 Cal. 566, 95 Am. Dec. 129, it was held that in an action of ejectment, where the tenant did not enter into possession under the lease, but was in possession at the time of the lease, he was not estopped from disputing the title of the landlord. This rule, however, was held in *Mason* v. *Wolff*, 40 Cal. 246, to be inapplicable in actions of unlawful detainer, for the reason that in these actions the question of title is not involved, and cannot be raised. (See, also, *Felton* v. *Millard*, 81 Cal. 540.) The expression in *Davidson* v. *Ellmaker*, 84 Cal. 21, to the effect that, in such action, the tenant is not estopped from disputing the title of the plaintiff, is to be construed in connection with the claim set up therein, that the tenant was induced to accept the lease by reason of the fraud of the lessor, which, as was said in *Johnson* v. *Chely*, 43 Cal. 305, destroyed the relation of landlord and tenant, and removed the estoppel. In the present case, however, the very circumstances under which the lease was executed preclude the defendants from invoking the rule

laid down in *Tewksbury* v. *Magraff, supra,* and estop them from questioning the title of their lessor; for, if the deed and lease were executed as a security for their indebtedness, their lessor would have the right to avail himself of all the remedies afforded by law for making that security effective, and to enforce against them the surrender of the possession, which, by virtue of their lease, follows their default in the payment of the rent. Under the same principles, the value of the property at the time the lease was executed was immaterial, and the court did not err in excluding evidence of such value.

5. Evidence that the defendant Bridget Murphy had tendered to Lolor the amount of the indebtedness in November, 1885, was immaterial in this action. If the tender was made by virtue of the option clause in the lease it did not release the defendants from their obligation to pay the rent, unless they should in some manner have sought the enforcement of this agreement on the part of Lolor. So long as they retained the possession of the premises they could not escape their obligations to pay the rent. The subsequent payment of rent by them was to be regarded as an abandonment of their exercise of this option. If this offer of payment was intended for the purpose of extinguishing their indebtedness to Lolor it did not have that effect, unless they kept the tender good. (Civ. Code, sec. 1500.)

6. The issues upon the execution of the lease, and whether there was any fraud practiced by Lolor upon the defendants, were very fully and fairly presented to the jury by the court. The expression in the charge, that the "execution" of the lease was admitted, could not have misled the jury. The signing of the lease was admitted by the defendants in their answer, and their signatures to the instrument when it was offered in evidence were not disputed. The issue before the jury was whether this signing was voluntary, or had been induced by fraud. While the execution of an in-

strument includes more in legal contemplation than merely signing, these terms are often used interchangeably. In another portion of the charge the jury were told that the plaintiffs, to sustain their case, had offered in evidence this lease signed by the defendants, and the payment of rent thereunder. The contention of the appellants that in this statement the court declared that the defendants had paid rent under the lease, whereas this was one of the issues before the jury, is not sustained by an examination of the charge itself. In this part of its charge the court was merely stating to the jury the course that had been taken at the trial, and not the effect of the testimony that had been offered. The defendants did not dispute the fact that they had paid money to Lolor by reason of the agreement between them, and that they had taken receipts from him in which this money was stated to have been paid as rent. Their denial in the answer that the money was paid under a lease was coupled with their denial that they had executed a lease; but, when the lease was produced in evidence, and it was shown that the defendants had paid rent to the lessor, this payment, in the absence of other testimony, would be presumed to have been made under the lease.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.