[Civ. No. 305.   Third Appellate District.—April 30, 1907.]

ANNIE E. TEICH, Appellant, v. S. ARMS, Respondent.

UNLAWFUL DETAINER—ESTOPPEL OF LESSEE—RIGHT TO SHOW TERMINA-
TION OF LESSOR'S TITLE.—Though in an action of unlawful detainer
the lessee is estopped from denying the title of the lessor, as it stood
when the lease was executed, he is not estopped to show that the
title of the lessor has expired or has been extinguished, or has been
alienated from him by operation of law.

ID.—SALE TO STATE FOR TAXES—FAILURE OF REDEMPTION—TITLE FROM
STATE—ATTORNMENT BY TENANT.—Where the land leased was sold
to the state for taxes, and the right of the lessor to redeem after the
execution of a deed to the state was foreclosed by the state's con-
veyance of the title to another owner, such owner has the right to
receive the rents, and it is the duty of the tenant to attorn to the
owner.

APPEAL from a judgment of the Superior Court of Ma-
dera County, and from an order denying a new trial.  H.
C. Gesford, Judge.

The facts are stated in the opinion of the court.

S. L. Strother, and M. K. Harris, for Appellant.

Defendant having gone into possession under the lease,
he cannot dispute the lessor's title or attorn to a stranger
to the lease.  (Civ. Code, sec. 1948; *Thompson* v. *Pioche*,
44 Cal. 508; *Douglas* v. *Fulda*, 45 Cal. 592; *McKissick* v.
*Ashby*, 98 Cal. 422, 33 Pac. 729; Gear on Landlord and Ten-
ant, p. 687; 12 Am. & Eng. Ency. of Law, 1st ed., pp. 697-
701; *Freeman* v. *Ogden*, 40 N. Y. 105; *Smith* v. *Granbery*,
39 Ga. 381, 99 Am. Dec. 464; *O'Donnell* v. *McIntyre*, 118
N. Y. 156, 23 N. E. 455; *Austin* v. *Ahearne*, 61 N. Y. 6;
*Sperling* v. *Isaacs*, 13 Daly (N. Y.), 275; *Lindley* v. *Dakin*,
13 Ind. 6; *Williams* v. *McMichael*, 64 Ga. 445; *Elliott* v.
*Dycke*, 78 Ala. 150; *Thompson* v. *Felton*, 54 Cal. 547; *Betram*
v. *Cook*, 32 Mich. 518; *Steinhouser* v. *Kuhn*, 50 Mich. 367,
15 N. W. 513.)   In an action of unlawful detainer, the ques-
tion of title is not involved, and cannot be raised.  (Code
Civ. Proc., sec. 1161, subd. 2; *Mason* v. *Wolff*, 40 Cal. 250;

*Felton* v. *Millard,* 81 Cal. 540, 21 Pac. 534, 22 Pac. 750; *Bostwick* v. *Mahoney,* 73 Cal. 238, 14 Pac. 832; *Knowles* **v.** *Murphy,* 107 Cal. 107, 40 Pac. 111.)

F. A. Fee, and Frank H. Short, for Respondent.

It is conceded that a tenant cannot dispute the title of the landlord while it continues; yet he is not estopped to show that the title under which he entered has expired or has been extinguished. (*Jackson* v. *Rowland,* 6 Wend. 667, 22 Am. Dec. 557; 8 Am. & Eng. Ency. of Law, 2d ed., p. 442; *Hoag* v. *Hoag,* 35 N. Y. 471; *McDevitt* v. *Sullivan,* 8 Cal. 593; *Tewksbury* v. *Magraff,* 33 Cal. 237; 2 Greenleaf on Evidence, 253; *Bettison* v. *Budd,* 17 Ark. 546, 65 Am. Dec. 442; *Franklin County Grammar School* v. *Bailey,* 62 Vt. 467, 20 Atl. 820, 10 L. R. A. 405; *Stout* v. *Merrill,* 35 Iowa, 47.) Where title has passed to the state, for delinquent taxes, the tenant, under a purchase of the title, may protect himself from conviction. (*Waggoner* v. *McLaughlin,* 33 Ark. 195.) The successor in interest of the title of the lessor is not a stranger to the lease, but is entitled to recover the rents, and becomes the true landlord to whom the tenant must attorn if he has notice of his title. (Civ. Code, secs. 84, 1111; Taylor on Landlord and Tenant, 439; *McDonald* v. *Hanlon,* 79 Cal. 442, 21 Pac. 861; *Harris* v. *Foster,* 97 Cal. 294, 33 Am. St. Rep. 187, 32 Pac. 246; *Dreyfas* v. *Hirt,* 82 Cal. 621, 23 Pac. 193; *McDonough* v. *Starbird,* 105 Cal. 19, 38 Pac. 510.)

BURNETT, J.—This is an ordinary action for unlawful detainer. The complaint alleges the execution of a written lease for one year from August 1, 1904, for the monthly rental of $35, payable on the first of each month; that defendant entered into the occupation and possession of the premises; that on January 16, 1905, a demand in writing was made upon defendant to pay $175, the amount of rent unpaid, or surrender possession within three days; that defendant refused to do either, and the prayer is for the rent due and for damages.

The answer sets up as a defense that on June 26, 1897, the property was sold to the state for delinquent taxes, and June 24, 1903, the deed was regularly made to the state; that thereafter, on August 6, 1904, the property was sold and conveyed

to the San Jose Safe Deposit Bank of Savings, and that there-upon said bank entered into possession and leased and hired the premises to defendant, and on or about the fifteenth day of August, defendant entered into possession as the tenant and lessee of said bank and has continued as such and has paid to the bank all the rent due.

The judgment was for defendant. The plaintiff brings the appeal from the judgment and order denying her motion for a new trial.

Appellant admits the regularity and validity of the tax proceedings, and does not question the sufficiency of the conveyance to the state and to the bank. The only controversy, she says, is as to the effect of the deeds upon the relation to each other of plaintiff and defendant.

The vital question is, Was the transaction set up in the answer sufficient in law to destroy the relation of landlord and tenant between the parties to this action and absolve defendant from any liability to pay rent to plaintiff? The question was presented to the trial court when defendant offered in evidence the deed from the state to the bank. The objection was made that "said deed is incompetent, irrelevant and immaterial in this case on the ground that a tenant in possession could not dispute his landlord's title or attorn to a stranger; that the said deed constituted no defense to this action."

At the outset it is contended by appellant that the question of title is foreign to the issue in unlawful detainer. As a general proposition this is undoubtedly true. It is *always* true when we limit it to the title of the plaintiff at the time of the execution of the lease. This follows from the nature of the action. The question at issue is not title, but the right to the possession; hence evidence of title could only be received as showing the right to the possession of the property, and this evidence could not be directed to the time of the execution of the lease, for the simple reason that on well-known principles of equity, the defendant, having entered into the possession of the property by virtue of his recognition of plaintiff's title, is estopped from thereafter denying it.

In *Mason* v. *Wolff*, 40 Cal. 250, the court, speaking through Mr. Justice Temple, said: "Here the question of title is not involved and cannot be raised. In a certain sense the suit

is brought upon the lease, and the consequence of entering into that contract can only be avoided by showing some fraud or mistake which would have been sufficient to set aside the lease itself." In that case, it will be observed, the errors reviewed consisted in the improper admission of evidence which did not affect the validity of plaintiff's title, but it is obvious the rule stated by the court, in its general application, is correct.

To the same effect are *Bostwick* v. *Mahoney*, 73 Cal. 239, [14 Pac. 832], *Felton* v. *Millard*, 81 Cal. 541, [21 Pac. 534, 22 Pac. 750], and *Knowles* v. *Murphy*, 107 Cal. 113, [40 Pac. 111], where, through Mr. Justice Harrison, it is declared as follows: "It was immaterial for the purposes of this action whether the deed from the defendants to Salor was *absolute* or by way of *mortgage*. The question of title was not involved and the defendants could not avoid the obligations assumed by them by reason of the lease by showing that Salor did not have the title of the premises which he demised to them."

In all the foregoing cases the title considered was the title at the time of the execution of the lease, and the doctrine announced is not only correct on principle but it accords with all the authorities. But defendant is not estopped from contending that since the execution of the lease the title of plaintiff has been extinguished; and such evidence may be material as tending to show that plaintiff, since the transaction with defendant, has lost the right to the possession of the premises and that the relation of landlord and tenant no longer exists between the parties. The authorities so hold.

In *Jackson* v. *Rowland*, 6 Wend. 670, [22 Am. Dec. 557], the supreme court of New York said: "A tenant cannot dispute the title of the landlord so long as it remains as it was at *the time* the tenancy commenced, but he may show *that the title under which he entered has expired or has been extinguished.*"

Greenleaf declares the same rule: "The tenant may always show that his landlord's title has expired or that he has sold his interest in the premises or that it is alienated from him by judgment and operation of law." (2 Greenleaf on Evidence, 253.)

Our own courts have so decided. In *McDevitt* v. *Sullivan*, 8 Cal. 596, it is said: "Although as a general rule a tenant cannot dispute his landlord's title, he may show that it has terminated," citing Chitty on Contracts, page 296.

In *Wheelock* v. *Warschauer*, 21 Cal. 317, again it is declared: "The right to maintain the action depends upon the existence of a tenancy, and a tenancy once created is presumed to continue so long as the tenant remains in possession. This presumption may be rebutted, however, for the rule which estops a tenant from disputing the title of his landlord does not preclude him from showing that the tenancy has been determined."

And in *Tewksbury* v. *Magraff*, 33 Cal. 244, Mr. Justice Sanderson, speaking for the court, reaches the same conclusion: "Whether a tenant can dispute his landlord's title depends upon a variety of circumstances. . . . One exception to the general rule is, where the tenant has been ousted by title paramount he may plead it; also that the landlord's title has ceased or become extinguished."

In the case at bar the defendant did not question the title under which he entered. He did not dispute plaintiff's possession or right to the possession at the time of the execution of the lease. The effect of the deed to the bank was to extinguish plaintiff's title and right of possession, and since it did not become operative until after the creation of defendant's tenancy it was admissible under the authorities cited. By the recitals of the deed it appears that before the execution of the lease the property had been sold to the state; but the evidence was not offered nor received for the purpose of attacking plaintiff's title at the time she leased to defendant. On the contrary, this deed shows that the state simply held the property for security with the right of possession and redemption in plaintiff until the deed was executed to the bank some days after defendant went into possession. Section 3817, Political Code, as it now stands, provides that: "In all cases where real estate has been sold or may hereafter be sold for delinquent taxes to the state, *and the state has not disposed of the same*, the person whose estate has been or may hereafter be sold, his heirs, executors, administrators or other successors in interest shall at any time after the same has been sold to the state and *before the state shall have disposed of the same*

have the right to redeem such real estate," etc. At the time of the lease, therefore, the plaintiff was in possession of the land; she had a right to the possession and the right to redeem. That included the title as far as involved in the transaction between plaintiff and defendant. When, however, the state "disposed of the same" on August 6th the right to redeem was foreclosed, the right of plaintiff to remain in possession no longer existed, plaintiff's title was completely extinguished and the whole interest was conveyed to the bank.

In the American and English Encyclopedia of Law, volume 27, page 982, we find the general doctrine announced as follows: "The general rule is that until the expiration of the time for redemption and the execution and delivery of a deed the title to the land sold for the taxes remains with the original owner and the purchaser acquires only a lien for the amount of his bid with interest, etc.‚ The purchaser is not entitled to possession or to rents and profits; but after the execution of the deed the grantee is vested under the statutes in most jurisdictions with an interest in fee to the exclusion of all prior interests and encumbrances."

The deed to the bank undoubtedly vested in it the entire estate in and to the property. The covenant to pay rent runs with the land. (Civ. Code, sec. 1463.) By virtue of the conveyance from the state the bank became entitled to the rent accruing after said conveyance and could have maintained an action therefor. The rule was different at common law. In Taylor's Landlord and Tenant it is stated as follows: "No person can take advantage of a covenant or condition except he be a party or privy thereto; consequently the assignee of the reversion could at common law neither sue nor be sued upon covenants contained in a demise, whether such demise were for life or for years. . . . The principle seems to have followed from that provision of the feudal law which prevented a lord from transferring his seigniory without the consent of his vassal. . . . But as experience showed that property best answers the purposes of civil life when the transfer and circulation are free, this restraint upon alienation was gradually removed by the English statutes, particularly by 32 Henry VIII, C. 34. . . . By it the privity of contract, together with the privity of estate, was transferred to the assignee of the reversion; who then stood, with regard

to a tenant, in the same position as the lessor did before he parted with the reversion."

We now come to the consideration of the cognate proposition stated by appellant that the bank is a "stranger," and therefore the attempted attornment to it by defendant was void. Section 1948 of the Civil Code is cited, which provides that: "The attornment of a tenant to a stranger is void, unless it is made with the consent of the landlord, or in consequence of a judgment of a court of competent jurisdiction." Whatever the scope of the section, we think it does not apply to the facts of this case. The bank is in sufficient privity with plaintiff in regard to the title as not to be a "stranger" within the contemplation of the statute. We can see in principle no difference between the facts here and where the landlord has himself conveyed all of his interest to a third party. In such a contingency no question could be raised as to the right of attornment to the grantee. Section 821 of the Civil Code is applicable here as it would be in case the plaintiff had directly conveyed the land to the bank, and it provides that: "A person to whom any real property is transferred or devised, upon which rent has been reserved or to whom any such rent has been transferred is entitled to the same remedies for recovery of rent . . . as his grantor or devisor might have had." And for the protection of the tenant it is provided in section 1111, Civil Code, that: "Grants of rents or reversions or of remainders are good and effectual without attornments of the tenants; but no tenant who before notice of the grant shall have paid rent to the grantor must suffer any damage thereby."

In *McDonald* v. *Hanlon*, 79 Cal. 442, [21 Pac. 861], it is held that "while real property is occupied by a tenant from month to month, where the owner makes a lease *in praesenti* to a third person for five years, such other person may without entering into possession and without attornment to him change the terms of the tenancy and upon nonpayment of the increased rent may maintain an action of unlawful detainer." (See, also, *Dreyfus* v. *Hirt*, 82 Cal. 621, [23 Pac. 193]; *McDonough* v. *Starbird*, 105 Cal. 19, [38 Pac. 510]; *Franklin* v. *Palmer*, 50 Ill. 200.)

We have examined all the cases in other jurisdictions cited by appellant. Some support her contention while others are

opposed to it. We think the law in this state was properly determined by the court below.

The judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.