[Civ. No. 567. Second Appellate District.—September 19, 1908.]

EMMA AGNES RICHMOND et al., Petitioners, v. SU-
PERIOR COURT OF LOS ANGELES COUNTY, and
FREDERICK W. HOUSER, Judge, etc., et al., Respond-
ents.

Certiorari—Review of Order of Superior Court—Parties—Former
Decision not Res Adjudicata upon Merits.—When, upon a former
application for a writ of *certiorari* to review an order of the su-
perior court, the writ was denied solely on the ground that the
superior court was not made a party to the writ, upon a new ap-
plication to which the superior court is a party any language then
used relative to the merits is not *res adjudicata,* and cannot prejudice
the parties not then before the court, nor preclude this court from
determining the merits, as if the former opinion had not been ren-
dered.

Id.—Review of Order Remanding Cause to Justice's Court—Title
not Involved—Jurisdiction.—When it appears that a justice's
court has jurisdiction of an action of unlawful detainer, which was
improperly certified by it to the superior court as involving a ques-
tion of title, which will not necessarily arise on the trial, the order
of the superior court remanding the cause to the justice's court
will be sustained, and a writ of *certiorari* to annul it will be dis-
missed, and the application therefor denied.

Id.—Unlawful Detainer—Relation of Landlord and Tenant Es-
sential—Jurisdiction of Justice's Court—Question of Fact.—
In an action of unlawful detainer, the relation of landlord and ten-
ant is essential to sustain the action, and if any other relation ap-
pears the action must fail; and when the complaint in justice's
court alleges proper proceedings under that relation, an answer by
the defendant that he has a subsisting contract to buy the property
and never was a tenant of the plaintiff, does not necessarily in-
volve a question of title, nor affect the jurisdiction of the justice's
court to determine the essential question of fact whether or not
the relation of landlord and tenant existed when the action was
commenced.

Id.—Defense to Action—Absence of Tenancy.—The answer, if
proved, merely sets forth a defense which will defeat the action on
the ground that no tenancy existed between the parties.

APPLICATION for writ of *certiorari* to review an or-
der of the Superior Court of Los Angeles County, remand-

ing a case certified to it from a justice's court.  Frederick
W. Houser, Judge.

The facts are stated in the opinion of the court.

Wm. T. Blakely, for Petitioners.

Tipton & Cailor, for Respondents.

THE COURT.—Application for writ of *certiorari* to review
order of superior court remanding to justice court a case of
unlawful detainer which had been certified up by the justice
court on the ground that title to real property was involved
in the issues to be tried.

A former application was denied by this court because the
proceeding was directed to the judge of the superior court
instead of to the tribunal itself.  It was not intended by the
opinion then filed to determine anything but who were the
proper parties to the proceeding, but in assuming the position
of the petitioners for the purpose of deciding this matter lan-
guage was used which appears to determine the right to the
writ upon the merits.  The language thus inadvertently used
cannot prejudice the parties not then before the court, and
cannot foreclose them from presenting the question anew, or
preclude this court from determining it as if the former
opinion had not been rendered.

The complaint in the action before the justice court alleges
facts showing the relation of landlord and tenant to exist be-
tween the plaintiff and defendants (petitioners here), a verbal
lease, thirty days' notice to terminate the tenancy, and there-
after three days' notice to quit and surrender up possession
of the premises.  Rent for one month at $20 and damages in
the sum of $100 are claimed.  The verified answer denies that
defendants are, or ever have been, tenants of plaintiff, denies
the latter's ownership and right to possession of the premises,
and avers that defendants hold possession under a contract of
sale, the conditions of which have not yet been performed.

While justices' courts are prohibited from receiving evi-
dence upon any question which involves the title or possession
of real property, or to try any issue presenting such a ques-
tion, and upon a verified showing being made that such a
question is necessarily involved in the determination of the

action, are required to certify the case to the superior court, the same section of the code which requires this to be done contains a proviso, "that in cases of forcible entry and detainer, of which justices' courts have jurisdiction, any evidence, otherwise competent, may be given, and any question properly involved therein may be determined." (Code Civ. Proc., sec. 838.)

Statutory provisions relating to proceedings in forcible entry and detainer in this state are to be construed to include proceedings in "unlawful detainer." (*Ivory* v. *Brown*, 137 Cal. 603, [70 Pac. 657].) The proceedings in unlawful detainer, in which the rules of evidence relating to forcible entry and detainer are made applicable, are, and, of necessity, must be, limited to those cases where the conventional relation of landlord and tenant subsists and in which such defenses only can be recognized as are available to a tenant· against his landlord; in other words, to those cases in which the tenant is estopped to deny his landlord's title. To sustain the proceeding the facts must show an express letting of the lands, or show impliedly, at least, that the defendant occupies as a tenant of the plaintiff, and this must be something more than a mere quasi tenancy. (Jones on Landlord and Tenant, sec. 563; Taylor's Landlord and Tenant, 9th ed., sec. 720.)

The ascertainment of what are "questions properly involved" in the action of unlawful detainer, what defenses may be interposed in such actions, and, when a "tenant can dispute his landlord's title," depends upon a variety of circumstances. (*Tewksbury* v. *Magraff*, 33 Cal. 244.) Many instances are considered in the cases of *Knowles* v. *Murphy*, 107 Cal. 107, [40 Pac. 111], and *Teich* v. *Arms*, 5 Cal. App. 475, [90 Pac. 962]), which it is not necessary for us to review. Where the action is for unlawfully holding over after the lease has determined, the title may become involved in some cases, and where this is the case removal may be required, but each case is to be considered with relation to the issues necessarily involved in its determination. (*Henderson* v. *Allen*, 23 Cal. 519.) The decisive question in the case before the justice court here was: "Were the parties to the action landlord and tenant respectively?" Whatever the character of petitioners' holding, if it were not that of tenants of plaintiff, the action must fail. If the defendants prove their defense in this respect it will defeat the action in the jus-

tice's court, because plaintiff can recover only by establishing such a relation. (*Johnson* v. *Chely,* 43 Cal. 299, 306.) If the justice court were without jurisdiction to determine whether or not the relation of landlord and tenant existed between the parties to an action in unlawful detainer, no summary proceeding of this character could ever be heard by that court, since this is the essential thing to the support of such an action. This being t'·ɔ issue raised, the justice court had jurisdiction to try it, and as that issue was determinative of the cause, the question of title to the property will not necessarily arise on the trial. (*Menomonee River Lumber Co.* v. *Philbrook,* 78 Wis. 142, [47 N. W. 188] ; *Johnson* v. *Chely,* 43 Cal. 306.)

The justice court having jurisdiction, the case was improperly certified to the superior court, and the order of the latter court remanding it must be sustained.

Writ dismissed and application denied.