Wilborn vs. Whitfield's Executors.

SAMUEL J. WILBORN, plaintiff in error, vs. M. WHIT-
FIELD'S EXECUTORS, defendants in error.

1. Whilst it is a general rule of law that a tenant cannot dispute the title
   of his landlord, yet, when the defendant offers to prove to the Court
   facts going to show that the defendant was not holding possession of
   the premises as the tenant of the plaintiff, but under parties having
   paramount title thereto, the Court should allow the evidence to be re-
   ceived in order to ascertain the truth of the case, and then instruct
   the jury as to the law of landlord and tenant applicable to the facts
   as proved in relation thereto.
2. The defendant, Wilborn, was properly rejected as a witness, the other
   party being dead.
3. Where ejectment is proceeding against one who claims that his chil-
   dren owned the land, and he offered to make them parties defendants,
   he should have been allowed to do so. (R.)
4. And such party had the right to introduce a will under which the chil-
   dren claimed, and to prove that the premises in dispute were part of
   the property devised by said will to said children. (R.)

Ejectment. Evidence. Before Judge ROBINSON. Jas-
per Superior Court. October Term, 1870.

This was ejectment in favor of the executors of Matthew
Whitfield against S. J. Wilborn, tenant. The declaration
was in the "Jack Jones" form, and had attached to it a
copy of a deed to the premises in dispute, made on the 1st
of January, 1863, by "James C. and John L. Robinson,
trustees of Martha A. Wilborn," to said Whitfield. The
suit was begun in 1869. On the trial James C. Robinson
testified that his father owned the land in his lifetime, that
defendant was in possession when this suit was begun, and
showed what it was worth annually for rent. He further
testified that Whitfield bought the land in 1863 or 1864, and
that he thought defendant rented the land from Whitfield in
1864; that defendant had been in possession of the land since
1858, and Whitfield never was in possession. "It was agreed
by all the parties that defendant should take possession;"
defendant never claimed the land as his own. Here plain-
tiffs rested their cause.

Defendant's counsel moved to make defendant's children, Morgan McAfee in right of his wife, Mary J. McAfee, S. C. Wilborn, individually, and as guardian *ad litem* for L. C. and W. H. Wilborn, defendants.    This was refused.

They then offered to show by defendant that John Robinson, grandfather of those sought to be made defendants, was seized and possessed of said land for forty years before his death in 1857, as of his own property; that, by his will, duly proven, he devised said land to said parties sought to be made defendants; that they never conveyed the same, but ever since his death had been in possession thereof by himself as their tenant, and that he never held as Whitfield's tenant.

He was rejected as incompetent because Whitfield was dead.    Defendant's counsel then offered to show the same outstanding title by said James C. Robinson, but the Court rejected the evidence.    They then offered in evidence a copy of the proven will of Robinson, deceased, for the same purpose.    No realty was devised by the will, unless the residuary clause included land.    One-fourth of the *residuum* was devised to James C. and John L. Robinson, in trust for the children of his daughter, Martha A. Wilborn, who we suppose was defendant's wife.    The will was rejected.

The Court charged the jury that plaintiffs must recover, if at all, upon the strength of their title, and not upon the weakness of defendant's title; that " two months' notice is necessary from the landlord to terminate a tenancy at will; one months' notice is necessary from tenant."

The jury found for the plaintiffs the premises in dispute, with mesne profits.    Defendant's counsel moved for a new trial, alleging that the Court erred in refusing to allow said parties to be made defendants; in holding defendant an incompetent witness; in rejecting the will and the witness to prove what they sought to show by defendant; because the verdict was contrary to the charge of the Court, against law and without evidence to support it, and because said copy

deed went to the jury with the declaration, though no deed was put in evidence by the plaintiff. The new trial was refused and that is assigned as error.

KEY & PRESTON, for plaintiff in error.

WILLIAM A. LOFTON, for defendants.

WARNER, Judge.

This was an action brought by the executors of Whitfield against the defendant, under the statute, to recover the possession of a tract of land in Jasper county. The plaintiff proved that the defendant was in possession of the land, and that he rented it from Whitfield in the year 1864; also proved the value of the yearly rent of the land, and that the premises in dispute was a part of the land which witness' father, Robinson, owned in his lifetime. On cross-examination, the plaintiff's witness stated that the defendant went into possession of the land in 1858, and had been in possession of it ever since; that Whitfield was never in possession of the land; that defendant never claimed the land as his own; that it was generally agreed by all the parties that the defendant should take possession of the land. After the plaintiff had closed his evidence the defendant made a motion to make McAfee and others, who were the devisees of the land in dispute under the will of John Robinson, parties defendant for the purpose of laying the foundation for the introduction of evidence to show a paramount title to the land in them, and to prove that the defendant went into the possession of the land as *their tenant*, which motion the Court overruled, and the defendant excepted. The defendant then introduced himself as a witness, and offered to prove that he was not a tenant of Whitfield, but was the tenant of the persons claiming under the will of John Robinson, who were sought to be made parties defendant; that John Robinson had been seized and possessed of the land for

forty years prior to his death in 1857. This witness was rejected by the Court on the ground that plaintiff's testator was dead, and the defendant excepted. The defendant offered in evidence a certified copy of the will of John Robinson for the purpose of showing title to the land in McAfee and others, which the Court rejected, and the defendant excepted. The defendant offered to prove by James Robinson, the plaintiff's witness, the same facts which he attempted to prove by the defendant who had been rejected, which the Court refused to allow him to do, whereupon the defendant excepted. The jury found a verdict for the plaintiff, and the defendant made a motion for a new trial, assigning as grounds therefor the rulings of the Court as hereinbefore stated, which motion was overruled. Whilst we recognize the general rule of law that a tenant cannot dispute the title of his landlord, yet, under the statement of facts disclosed by the record in this case, we think the Court should have allowed the parties to have been made as proposed by the defendant, received the will of John Robinson in evidence, and also should have received evidence as to the identity of the land mentioned in the will, and evidence as to whether the defendant was in fact the tenant of the parties claiming under the will, or whether he was in possession of the land as the tenant of Whitfield, so as to have ascertained from the evidence what were the rights of the respective parties. And then the Court should have charged the jury as to the law applicable to landlord and tenant, and left the jury to find the facts under the evidence. There was no error in the rejection of the defendant Wilborn as a witness, the other party being dead. See *Administratrix of Robertson vs. Leaptrot,* decided at this term of Court. But we are satisfied this case has not been fairly tried on its merits from the statement of facts disclosed by the record, and therefore order a new trial.

Let the judgment of the Court below be reversed.