LORING v. HARMON, *Plaintiff in Error.*

1. **Landlord and Tenant**: DISPUTING TITLE. A tenant cannot dispute his landlord's title after having accepted possession under him, unless he was induced to take the lease through mistake, fraud or false representation.

2. ———: TITLE: EJECTMENT. A plaintiff need not prove his title to recover in ejectment when the defendant is estopped to deny it by reason of being his tenant. Proof of the existence of the tenancy is sufficient.

*Error to De Kalb Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Wm. H. Riggs*, and *Ramey & Brown* for plaintiff in error.

(1) The only question in this case is whether or not there is anything in the record showing that Harmon is estopped from disputing the title of Loring to the land sued for. At the time Loring made his claim to the land Harmon was tenant of Simons. Loring was a stranger, not having taken any title by his sheriff's deed The attempt of Harmon to attorn to him was, therefore, void. R. S. 1879, sec. 3080. (2) Harmon's possession was the possession of Simons, and he was bound to keep possession for his landlord, and he could not at the same time be subject to two separate landlords. *Gunn v. Sinclair*, 52 Mo. 327, 332. If he was still the tenant of Simons, and holding possession for Simons, he could not at the same time be the tenant of Loring and hold the possession for him. If, instead of attorning to Loring, Harmon had turned over to him the manual possession, both the act of Harmon and the entry of Loring would have been unlawful. *McCartney v. Auer*, 52 Mo. 305, 398. And it is evident that the court will not in this action put the parties in a position in which they would not be permitted to put themselves. (3) The pretended attornment was not only void because it was made so by the express provisions of the statute, but because it was procured by misrepresentation. *Higgins v. Turner*, 61 Mo. 249 ; *Schultz v. Arnot*, 33 Mo. 172.

*Samuel G. Loring pro se.*

(1) It is a well settled rule of this court that it will not interfere with the verdict of a jury on the ground that the finding is against the weight of the evidence, if there is any evidence before them tending to support their finding. *Russell v. Burkstresser*, 77 Mo. 427 ; *Hamilton v. Berry*, 74 Mo. 178 ; *Rea v. Ferguson*, 72 Mo. 225. The same rule applies to trial courts sitting as

a jury. *Beck v. Pollard*, 55 Mo. 27. The proposition is : Was there, as a question of law, any evidence before the court tending to support the finding of the court? There was no question but what the defendant was in possession at the commencement of this suit, and the only question in this case is whether Harmon is in a position to contest the plaintiff's title. (2) There is no dispute but that the sheriff of DeKalb county had executed to plaintiff a deed purporting to convey all the title of Simons in the land in suit, and he claimed to be the *owner* before Harmon attorned to him. The plaintiff was not a stranger as to preclude the attornment. (3) There is no pretense that the attornment by Harmon to plaintiff was obtained by any false representation. (4) Harmon having recognized plaintiff as his landlord is precluded from showing that plaintiff had no title to the land at the time of the attornment. Taylor on Landlord and Tenant (7th Ed.) secs. 705-6. (5) The deeds from Simons to Klein and from Klein to defendant were not properly in evidence. *Higgins v. Turner*, 61 Mo. 250.

EWING, C.—This is an action in the nature of ejectment to recover possession of the northeast quarter of the southwest quarter of section two, township fifty-nine, range thirty, in DeKalb county. The petition was in the usual form, and the answer a general denial. The plaintiff offered in evidence a sheriff's deed to himself, from the sheriff of DeKalb county under a judgment in favor of Aultman, Miller & Co., and against Whitney W. Simons. This deed purported to convey the interest of Simons in the land in controversy. It was objected to by the defendant "because it showed on its face that it was founded on a void execution. The objection was sustained. Plaintiff then stated that he offered it for the sole purpose of showing the date, origin, and extent of his claim, and not for the purpose of showing title in himself. It was then admitted for the purposes stated and no other."

Plaintiff, then, being sworn on his own behalf, stated that "at the time I purchased the land at sheriff's sale, defendant was in possession as the tenant of Whitney W. Simons. Shortly afterwards, I went to defendant and told him I had purchased the land and was then the owner, and defendant attorned to me and became my tenant. Afterward, in 1875, I sold the land to defendant for $260, and executed to him a bond for a general warranty deed when the purchase money should be paid. After it was due in the fall of 1878, defendant told me that he could not pay for the land, and asked me to permit him to stay in the house on it until spring. I told him he could, provided I did not want it, if I did he should move out, to which he agreed. He gave me up my bond for a deed and I delivered to him the purchase price. He paid me but five dollars on the land. I think likely he told me about the time the purchase money became due, that he could not pay for the land without borrowing money on it, which he would do, and I told him he could not borrow the money on the land because Klein's deed was a shadow on the land. I may have told him at the time, I would law or buy Klein out of it. On October 18, 1878, defendant claimed to own the land, and disclaimed to hold the title under me."

The defendant offered in evidence a warranty deed from Whitney W. Simons to Kephart D. Klein, dated March 2, 1874, filed for record March 31, 1874; and a quit-claim deed from Klein to defendant dated August 30, 1878. This was all the evidence in the case. There was then judgment for the plaintiff, and defendant filed his motion for a new trial, and as cause alleged that "there is no evidence in the case tending to support the judgment and finding of the court."

This, then, was the only question in the case: was there any evidence tending to support the judgment? The evidence failed to show title in plaintiff, and then the inquiry arises, was there such a right to the possession as would authorize a finding for the plaintiff. It

seems that the only shadow of claim to possession arose out of the allegation that the plaintiff was the landlord of defendant, who held under plaintiff as his tenant, and hence cannot set up an outstanding title. "The rule is well settled, that a tenant is not allowed to dispute his landlord's title, after having accepted possession under him." Taylor's Landlord and Tenant, sec. 629 ; *Higgins v. Turner*, 61 Mo. 249. If the defendant was a tenant of the plaintiff, and was recognized as such, then no proof of title is necessary on the part of plaintiff to recover in this action. For the rule is general that a tenant shall never be permitted to controvert his landlord's title, or set up against him a title acquired during his tenancy, hostile in its character to that which he acknowledged in accepting the demise. Taylor's Landlord and Tenant, sec. 705. In the absence, then, of any evidence of title on the part of the plaintiff, the finding of the court must have been upon the theory that the tenant cannot controvert the landlord's title. This is true, unless the tenant has been made to take the lease by force, fraud, or illegal behavior, or false representations on the part of the landlord. Taylor on Landlord and Tenant, sec. 707 ; *Hamilton v. Marsden*, 6 Binn. 45 ; *Miller v. McBrier*, 14 S. & R. 382. And if the lessee was in possession at the time he entered into the lease, as tenant of another, he may resist a recovery upon the ground that he accepted the lease in mistake, or was induced by fraud or misrepresentation to accept it. *Thayer v. Society of United Brethren*, 20 Pa. St. 60; Taylor on Landlord and Tenant, sec. 707 ; 72 Ill. 609 ; *Higgins v. Turner*, 61 Mo. 249 ; *Johnson v. Chely*, 43 Cal. 305.

The evidence tends to show that plaintiff represented himself to the defendant as the owner of the land, who thereupon recognized plaintiff as his landlord, and afterwards purchased the land of plaintiff, taking a title bond and giving his notes for the purchase money. This purchase was afterwards rescinded, when it was agreed between plaintiff and defendant, that defendant should re-

main in the house until spring, etc.   The question arises, under this state of facts, whether the defendant was the tenant of plaintiff, and, if so, whether he became such under and by virtue of such false representations as will authorize him to acquire the title in himself and set it up as a defence against his landlord.   The representation as to the title in himself made by the plaintiff to defendant, after the purchase at sheriff's sale, was, no doubt, made in good faith, under the belief that he had acquired the title ; and although it afterwards proved to be false, yet the evidence does not convey the idea that it was made for the purpose of acquiring an undue advantage of the defendant, and this is the view, doubtless, taken by the circuit court.   But, however that may be, the sale of the land by the plaintiff to defendant, changed the relation of the parties from landlord and tenant, to vendor and vendee.   Then, when that sale was rescinded, it was by no false representations of plaintiff that defendant became his tenant, for defendant then knew, was then informed by plaintiff, that his title was not perfect because of the shadow cast thereon by Klein's deed.   Hence the defendant could not have been induced to become the tenant of plaintiff by any false representations, because none were made.   The defendant then knowing the state of the title should have then and there declined to become plaintiff's tenant and claimed title in himself, if he expected to hold the land as owner, but knowing the facts, and having voluntarily become the tenant of plaintiff, he is now thereby precluded from setting up title in himself, as against his landlord.   See authorities *supra*.   This case does not, however, in any wise adjudicate or settle the title to the land because the title is not here in question, and that could probably be litigated, notwithstanding this decision.

The judgment of the circuit court is affirmed.   All concur.