RUFUS H. DAVIS, Respondent, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

A judgment against all the members of a firm, although not for a firm indebtedness, may be enforced by execution against the firm property, and a good and full title acquired thereto by a purchaser on sale under the execution, both in law and equity, not only against the judgment debtors but the creditors of the firm.

In 1868 certain premises were owned by persons who were copartners, doing business under the firm name of D. C. & P.; the title was in them as individuals, but the land was purchased for firm purposes, with money of the firm and used in its business. On March 10, 1869, C. sold and

conveyed his interest in the land to one G., who took his place in the firm, and the business was continued under the firm name of D. P. & G. until 1872, when the firm went out of business. In 1877 a judgment was recovered against the individual members of the firm, and the premises were sold under an execution issued thereon to one S., who received a certificate of sale, and afterwards, on February 23, 1884, a sheriff's deed in the usual form. The debt upon which the recovery was had was not a firm debt. In 1879 a judgment was recovered upon a debt of the firm by one E. against the copartners, and on a sale under execution plaintiff purchased the premises and in 1884 received a sheriff's deed. This action was brought to recover the rental value of said premises from January 1, 1882, to July 1, 1884, during which time they had been occupied by defendant. The latter did not take the right to occupy under any agreement with plaintiff and had not in any way accepted him as its landlord. Plaintiff's title was put in issue by the pleadings. *Held,* that plaintiff had no title to the property, but the title was in the purchaser under the first judgment and execution; and that defendant was not estopped from questioning plaintiff's title.

*Smith* v. *Hall* (67 N. Y. 48) distinguished.

(Argued March 8, 1888; decided March 20, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 17, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*J. Sanford Potter* for appellant. Both judgments were firm debts; neither had priority or preference as such. The first sale under either was valid and vested title in the purchaser, subject only to the right of redemption. (*Van Brunt* v. *Applegate,* 44 N. Y. 544; *Menagh* v. *Whitwell,* 52 id. 146; *Statts* v. *Bristow,* 73 id. 264–268; *Saunders* v. *Reilly,* 105 id. 12.) The members of a firm may transfer the firm property to pay a joint debt for which they are jointly liable outside of the business of the firm and the joint creditor will obtain a good title to the firm property, and while firm property will not pass under successive executions issued against the individual partners, such property will pass under a sale upon a

joint execution against all the partners issued upon a judgment recovered for any joint debt whatever. (*Menagh* v. *Whitwell*, 52 N. Y. 146; *Saunders* v. *Reilly*, 105 id. 12–17.)

*O. F. Davis* for respondent. The fact that plaintiff alleged title in himself, which defendant denied, but did not allege title in itself or anyone else, was sufficient to oblige the plaintiff to prove his title, but not sufficient to allow defendant to prove title in another. (3 Barb. 105; *Squires* v. *Seward*, 16 How. 478; 20 Barb. 311; 4 E. D. Smith, 348.) The firm of Davin, Percival & Griswold having purchased this real estate for partnership purposes with partnership funds, it was partnership property and must be applied towards satisfying the liabilities of said firm. (*Fairchild* v. *Fairchild*, 64 N. Y. 477.) The firm of Manville, Scribner & Co., as such, had no interest in the property, and a purchaser under a judgment against that firm took the legal title of the individual members of the firm of Davis, Percival & Griswold, subject, however, to be taken, if necessary, to satisfy the debts and liabilities of the latter firm. (*Van Brunt* v. *Applegate*, 44 N. Y. 544; *Atkins* v. *Saxton*, 77 id. 195.) Griswold, by his purchase, became entitled to the share of each member of the firm of Davis, Percival & Griswold to any surplus there might be after the property had been sold and proceeds applied in satisfaction of the firm debts and liabilities. (*Menagh* v. *Whitwell*, 52 N. Y. 146; *Statts* v. *Burton*, 73 id. 264.) Under the issue made by the pleadings it was not competent to show the sale under the judgment against Manville, Scribner & Co. (62 N. Y. 369; 67 id. 50.)

DANFORTH, J. The defendant occupied certain premises, not its own, of a rental value of $100 per year, during the year 1882, and down to July 1, 1884. No rent has been paid to anyone, and the plaintiff, claiming in part as assignee of a former owner and for the residue as owner, sues for reasonable satisfaction for that use and occupation. So far as he claimed as

assignee the referee found against him, but gave judgment in his favor for the rental value of the premises from the 1st of July, 1883, to the 1st of July, 1884.   The issue was upon his title to the premises, and the only question on this appeal is, whether the referee decided correctly concerning it.   The property, in 1868, was owned by Emerson E. Davis, Daniel G. Percival, Tracy Cowen and Oscar F. Davis, doing business under the firm name " Davis, Cowen & Percival."   The title was in them as individuals, but the property was bought for firm purposes, paid for with money of the firm and used in its business.   On the 10th of March, 1869, Cowen sold and conveyed his interest in the land to one Griswold, who took Cowen's place in the firm, and the business was continued under the firm name of " Davis, Percival & Griswold " until 1872, when it went out of business.   In 1877, one Davis recovered a judgment against Emerson E. Davis, Albert H. Griswold, Daniel G. Percival and Oscar F. Davis, being the persons above named, and another, for $1,283.63, and enforced its collection by execution and sale of the premises in question to one Samuel K. Giswold, who received a certificate of sale, and afterwards, on the 23d of February, 1884, a sheriff's deed in the usual form.   The debt upon which recovery was had was not a firm debt, and subsequently, in June, 1879, a judgment was recovered upon a firm liability in favor of one Eddy, against the same parties, and upon sale of the same premises under execution, the plaintiff became the purchaser, and on the 18th of March, 1884, received a sheriff's deed.

The plaintiff has recovered in this action upon the theory, as held by the referee and General Term, that the last judgment, being for a firm debt, had priority and gave title to the premises, and  that the purchaser under the first judgment acquired only the right of the individual partners in the premises and, therefore, nothing more than a contingent right to the surplus after paying firm debts.   A different conclusion is required by the view taken by us of a similar question in *Saunders* v. *Reilly* (105 N. Y. 12), where we held that a judgment against all the members of a firm, although not on its indebtedness, might be

enforced by execution against the firm property and a good and full title acquired thereto by the purchaser both in law and equity, not only against the judgment debtors, but the creditors of the firm. This defense was open to the defendant. The defendant did not take the right to occupy under any agreement with the plaintiff, nor in any way accept him as its landlord. There is, therefore, no estoppel. The pleadings put the plaintiff's title in issue, and the effect of the first judgment and sale under it disclosed that he had none. *Smith* v. *Hall* (67 N. Y. 48), cited by the respondent, is not applicable. In that case the defendant, by answer, admitted that the property in question was received by the defendant from the plaintiff, and the only dispute was as to the terms on which it was received. Here the contention goes further, admitting no right in the plaintiff, the defendant denies his title. We think the appeal should prevail.

The judgment appealed from should, therefore, be reversed, and a new trial granted, with costs to abide the event

All concur, except PECKHAM, J., not sitting.

Judgment reversed.