### LAKIN v. ROBERTS et al.

(Circuit Court of Appeals, Ninth Circuit. January 30, 1893.)

#### No. 28.

1. MINES AND MINING—WIDTH OF CLAIM—VALIDITY OF PATENT.
   Under Rev. St. § 2320, a patent cannot be issued for a mining claim exceeding 300 feet in width, although the original location was wider, and was made under the law of July 26, 1866, by which the width of claims was regulated according to the custom of miners; and, where a patent is issued for the full width of such claim, it is void as to the excess, and Rev. St. § 2328, cannot be construed to preserve a right to the issuance of a patent covering the full width of the original location. 53 Fed. Rep. 333, affirmed.

2. LANDLORD AND TENANT—ESTOPPEL TO DENY TITLE.
   In an action of ejectment by the patentee of a mining claim, where it appears from a stipulation agreed upon by both parties that certain defendants, after the date of the patent, paid a small sum as rent for the privilege of occupying the premises, and it does not appear under what circumstances, nor for what premises, nor for what time, such payment was made, the relation of landlord and tenant is not established so as to estop defendants from denying the patentee's title. 53 Fed. Rep. 333, affirmed.

3. SAME.
   An understanding that certain defendants who entered after the date of the patent without the patentee's permission did so without objection by the patentee, provided its use and enjoyment of the premises were not interfered with, is not sufficient to establish the relationship of landlord and tenant, so as to estop defendants from denying the patentee's title. 53 Fed. Rep. 333, affirmed.

4. SAME—APPEAL.
   Where there are two classes of defendants, one of whom is not estopped to deny the patentee's title, and the classes are not distinguished, nor the defendants composing each class identified, the record does not enable the appellate court to apply a remedy as to those defendants who are not estopped, and the judgment below in favor of both classes should therefore be affirmed as to all.

In Error to the Circuit Court of the United States for the Northern District of California.

Action of ejectment by William H. Lakin against John H. Roberts and others. The circuit court gave judgment for defendants. 53 Fed. Rep. 333. Plaintiff brings error. Affirmed.

H. L. Gear, for plaintiff in error.

W. N. Goodwin. (Goodwin & Goodwin, on the brief,) for defendants in error.

Before McKENNA and GILBERT, Circuit Judges, and DEADY, District Judge.

McKENNA, Circuit Judge. This is an action of ejectment, brought by the plaintiff, against the defendants, who are severally in the possession of lots in the town of Johnsville, in the county of Plumas, state of California. The plaintiff claims title under the Mammoth Gold Mining Company, to which a patent was issued on the 18th of May, 1877. The patent purports on its face to have been issued in pursuance of the Revised Statutes of the United States upon an entry made by said mining company March 17, 1877. In fact, however, the land was applied for by John B. McGee and James M. Thompson August 30, 1867. The location, therefore, is claimed to have been made under the act of July 26, 1866. Under this act no location could exceed 200 feet in length along the vein for each locator, with additional claim to the discoverer. Laterally it could be extended to conform to local laws and customs, but in no case could cover more than one vein or lode. Subsequent laws confined the width to 300 feet. If the plaintiff's patent be so confined, it does not cover the lot in possession of defendants; hence the contention is as to the width plaintiff is entitled to claim.

The legislation in regard to the location of mining claims consists of the said act of July 26, 1866, and an act passed May 10, 1872, entitled "An act to promote the development of the mining resources of the United States," and chapter 6 of the Revised Statutes. The act of May 10, 1872, repealed that of July 26, 1866, and was itself superseded by the Revised Statutes. The latter, however, as the act of May 10th did, preserved the essential rights obtained prior thereto, but distinguishes, as the act of May 10th did, between the length and width of claims; the length by the following language: "That mining claims * * * heretofore located shall be governed as to length along the vein or lode by the customs, regulations, and laws in force at the date of their location;" the width by the following: "No claim shall extend more than 300 feet on each side of the middle vein at the surface. * * *" Section 2320. The provision for the width of claims is as clearly universal as the provision for the length, and each completes the other. Omit either, and there is defect.

Plaintiff's counsel contends that the provision for the width of claims applies only to subsequent locations, and that section 2328 of the Revised Statutes reserves to plaintiff the provisions of the act of July 26, 1866. Section 2328 of the Revised Statutes is as follows:

"Applications for patents for mining claims under former laws now pending may be prosecuted to a final decision in the general land office; but in such cases where adverse rights are not affected thereby patents may issue in pursuance of the provision of this chapter, and all patents for mining claims upon veins or lodes heretofore issued shall convey all the rights and privileges conferred by this chapter where no adverse rights existed on the tenth day of May, eighteen hundred and seventy-two."

It is not contended that plaintiff's interests were so far vested that by that act congress had no power to limit or vary them. We shall assume, therefore, that congress had this power, and, having it, we think it exercised it in the provisions we have quoted. The language of the section of the Revised Statutes must be confined to preserving the application, and of all rights except the size of the claim, —length and width of it. All the provisions of the statutes would not otherwise be given effect. The land department, therefore, had no power to issue a patent for a greater width of land than 300 feet, and the patent in this case in excess of 300 feet is void. Doolan v. Carr, 125 U. S. 624, 8 Sup. Ct. Rep. 1228, and the other decisions cited in the opinion of the learned judge who tried the case in the circuit court.

The plaintiff, however, urges that the defendants are his tenants, and therefore estopped to deny his title. If the fact is true, there is no doubt about the law, and we have no desire to weaken its firmness. The evidence was presented through the medium of a stipulation, from which it appears that there are three classes of defendants: First, those who, subsequent to the date of the patent, in the language of the stipulation, "paid a small sum as rent to the Sierra Buttes Company for the privilege of occupying said premises;" second, those who entered since 1883 with the express permission of said company; third, those who entered without asking permission, but with the understanding that said corporation did not object to the occupation of village lots, provided its use and enjoyment of the patented premises were not interfered with. The Sierra Buttes Company was the immediate predecessor of the plaintiff, and there is no proof that it ever had possession of the land which defendants occupy. As to the first class, it will be observed, they paid a small sum in 1883 as rent. For what period it does not appear, or under what circumstances, nor for what premises. Was it for past occupation, or for a future occupation? Was it for a period expired, or for one which has not yet expired? And for what premises? The defendants in this class were in possession at the time the small sum was paid, and we think the stipulation is too meager to justify the inference that they were tenants of plaintiff six years afterwards, and bound to yield a possession which they did not receive from him or those under whom he claims, and whom it does not appear they recognized afterwards, and who never had the title or right to possession. The defendants in the other two classes are not distinguished, and, as we cannot hold that a floating understanding that the company did not object to the occupation of town lots made it the landlord of all who took possession with a consequent estoppel to question its title, even if express permission would have that effect, we cannot reverse the judgment. It was appellant's duty to distinguish the classes, and to identify the defendants composing each. If there was error affecting plaintiff's rights as to any of the defendants, the record should enable this court to apply the remedy as to them. As the record does not do this, the judgment must be affirmed as to all. Judgment is therefore affirmed.