CONOLLY v. ROSEN.

Opinion delivered June 14, 1920.

1.  LANDLORD AND TENANT—ESTOPPEL TO DISPUTE LANDLORD'S TITLE.— The rule which forbids a tenant to dispute his landlord's title and right to possession without delivering possession has no application where defendant in possession denies that a tenancy ever existed.

2.  DEEDS—CERTAINTY IN EXCEPTION.—Under the rule requiring the same certainty of description in an exception out of a grant as in the grant itself, an exception in a deed of six acres in a certain southeast quarter of the northeast quarter as having been sold to C., and which refers to C.'s deed for a description of the part excepted, is void for uncertainty where C.'s deed described the land as the fractional southeast quarter of the northeast quarter aforesaid, containing six acres.

3.  APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—A decree refusing to reform a deed will not be reversed as against the preponderance of the evidence where the abstract is insufficient to establish that fact.

4.  QUIETING TITLE—SCOPE AND EXTENT OF RELIEF.—Where, in a suit by a grantee to quiet his title, a mortgagee, whose claim was assumed by the grantee as part of the consideration, was made a party, and disclaimed any desire to have his mortgage fore-

closed, it was not error to quiet the grantee's title as against the grantor without foreclosing the mortgage, since the grantee took subject thereto.

Appeal from Garland Chancery Court; *S. W. Leslie,* Special Chancellor; affirmed.

*R. G. Davies,* for appellants.

According to the law and undisputed facts defendants either took possession of the six acres as tenants at will of the plaintiffs or they took same against their will, and in either event they were tenants at will of plaintiffs or they took forcible possession and unlawfully detained the same and they can not dispute plaintiff's possession as long as they held the possession and could only do so after surrender. Any verbal license would only be good for one year. The clear preponderance of the evidence shows no fraud was practiced, that they were fully advised, and agreed to except the six acres after full investigation. 114 Ark. 121; Minor's Institutes, vol. 2, pp. 99, 109. A tenant can not dispute his landlord's title. 6 Michie's Digest, 454-6. It is no defense to an action of forcible entry where defendant entered into possession by means of threats amounting to force that he was entitled to possession under a lease of the owner; the remedy in such case being designed to protect the possession whether right or wrong. 53 Ark. 94. Fraud on part of defendants is clearly proved by the undisputed testimony. Their claim to the six acres was an afterthought, and their failure to comply with their agreement to pay the consideration does not look well in a court of equity. It was a holdup, pure and simple. The court below did not adjudicate what was before it, and the decree is manifestly erroneous. If there was a defective description in the deed to appellees, what right have they to have their title quieted, their deed reformed and then refuse to pay anything they owed and still owe? He who asks equity must do equity. Where property is conveyed by mistake, a court of chancery will correct the mistake, whether it arose from misap-

prehension of facts or the legal operation of the deed.
50 Ark. 179; 42 *Id*. 362; 76 *Id*. 43.   See, also, 91 *Id*. 162;
60 *Id*. 304, 306; 48 *Id*. 498; 98 *Id*. 23.

*George P. Whittington* and *H. P. Chappell*, for appellees.

1.   Appellant has failed to comply with rule 9.

2.   The exception in the deed is void for uncertainty.   30 Ark. 640; 41 *Id*. 495; 95 *Id*. 253.   Under the deeds the whole tract passed by the deeds, as there was no valid exception.

SMITH, J.   This suit was begun as an action in unlawful detainer by appellants, who were plaintiffs below, and it was alleged by them in their complaint that they had sold appellees a certain tract of land, reserving therefrom the six acres which forms the subject-matter of the litigation, and that appellees had unlawfully and wrongfully taken possession of said six acres and were forcibly and fraudulently detaining the same after demand therefor had been made in writing.   There was a general denial of the allegations, and a prayer that appellees' title be quieted.   By consent the cause was transferred to equity, and upon the trial there appellees' title to the land in question was quieted, and this appeal is from that decree.

It is first insisted that appellees should not have been heard to deny appellant's title to the land and their right of possession thereof unless, and until, appellees had delivered to appellants the possession of the land. This insistence is based upon the assumption that a tenancy existed on appellees' part, and may be disposed of by saying that the existence of this tenancy is one of the disputed questions of fact in the case.   According to appellees, that relationship never at any time existed.

Appellants had title to an eighty acre tract of land by inheritance from their father, and by separate deeds conveyed the land to appellees except a certain seven acres which their father had previously conveyed to one Gibson Mills, and, as there is no question in regard to

this seven acre tract it passes out of the case. In the granting clause of the deed the following exception is found: "Excepting also six acres in the southeast quarter of the northeast quarter of said section 18, township 3 south, of range 19 west, sold to C. C. Cooley, for a description of which reference is had to the record of the deed for the same in the office of the Recorder of Garland County, Arkansas." It thus appears that the attempt to except six acres, in addition to the seven acres, was made by referring to a prior deed for a particular description of the six acres thus excepted. This Cooley deed was offered in evidence, and the description there employed reads as follows: "The fractional southeast quarter of the northeast quarter in township 3, section 18, range 19, containing 6 acres, more or less, in the County of Garland and State of Arkansas."

It is quite obvious that this description is void for uncertainty, and that uncertainty is not removed by reading the two deeds together.

In the case of *Mooney v. Cooledge,* 30 Ark. 640, it was decided that "The same certainty of description is required in an exception out of a grant, as in the grant itself." In that case there was an attempt to except an acre from the grant, but there was nothing in the exception, or the evidence, to locate it upon any particular part of the tract, and the court held that the exception was void for uncertainty, and that the grantee took the entire tract, including the one acre. See, also, *Scott v. Dunkel Box & Lumber Co.,* 106 Ark. 83.

The case as submitted in the court below was in effect one to reform the deed, and it is insisted by appellants that the testimony shows an intent to except six acres, and, further, that the six acres are sufficiently identified for the court to give effect to the intention of the parties by reserving the six acres from the deed and awarding the possession thereof to appellants and quieting their title thereto.

No opinion was rendered or finding of facts made by the court below, but the decree indicates that the

court found the facts against appellants'· contention, as the decree rendered quieted appellees' title, and the testimony is not sufficiently abstracted for us to say that the chancellor's finding is clearly against the preponderance of the evidence.

So far as the testimony is abstracted, it appears that an irreconcilable difference of opinion exists as to the meaning and purpose of the exception set out above. It is undisputed that Patrick Conolly and his wife (father and mother of appellants), on April 3, 1880, executed a deed to one Calvin Cooley, purporting to convey the six acres under the description set out above, this being the deed to which reference was made in the deed from appellants to appellees. Cooley for a time occupied a part of the land under his deed, but he went away, and no account was given of his whereabouts at the time of the trial. After Cooley left appellants paid taxes on the entire tract and occupied the six acres as a portion of the whole.

Appellees testified most unequivocally that it was represented to them that they were getting all the land except the seven acres owned by Mills, and that they bought under this representation and would not have purchased otherwise, and that the exception was put into the deed because appellants did not want to warrant title to land which their father had previously conveyed, but upon the delivery of the deed possession of all the land was delivered to appellees except the Mills' seven acres, and for several months no question was raised about their being entitled to all the land except the Mills' seven acres.

The testimony on appellants' behalf sharply contradicts the testimony just recited, but the record in the case has not been sufficiently abstracted for us to say that the decree is based upon a finding of fact clearly against the preponderance of the evidence.

Much testimony was offered concerning the damages claimed; but this question passes out of the case upon the affirmance of the decree below.

Complaint is also made against the decree that it does not adequately protect the interests of appellants against a certain mortgage executed by them to one Stearns, the payment of which was assumed by appellees as a part of the consideration for their deed. Stearns was made a party, and filed an intervention in which he disclaimed any desire to have a decree entered ordering the foreclosure of his mortgage unless that action was necessary to protect his interests. The court made no order in regard to this Stearns mortgage, and we find it unnecessary to do so.

The court quieted appellees' title as against appellants to the six acres, but that decree did not free any portion of the land from the Stearns mortgage. Appellees have title to all the land, but they have it subject to the Stearns mortgage; and, as its foreclosure is not asked, it is unnecessary to make any order in regard to it. Decree affirmed.