## WILLIAMS v. NELSON.

No. 4245. Decided May 9, 1925. (237 P. 217.)

1. LANDLORD AND TENANT—TENANT IN UNLAWFUL DETAINER PROCEEDINGS CANNOT PROVE THAT HE WAS OWNER BECAUSE DEED GIVEN BY HIM TO LANDLORD WAS OBTAINED BY FRAUD AND DURESS AND HENCE VOID. In action of forcible entry and detainer, under Comp. Laws 1917, §§ 7313-7327, inclusive, defendant could not prove that, although he conveyed premises in question by warranty deed to plaintiff, he nevertheless continued to be owner thereof, because deed executed by him to plaintiff was obtained by threats, fraud, and duress, and was therefore void, since it would constitute attempt by tenant, remaining in pos-

session, to dispute title of his landlord, which is not permis
sible.

2. ACTION—TENANT MAY BRING EQUITABLE ACTION TO DETERMINE
   RIGHT TO PREMISES, WHICH ACTION CANNOT BE CONSOLIDATED
   WITH UNLAWFUL DETAINER PROCEEDING OVER TENANT'S OBJECTION.
   A tenant may at any time institute an action in court of equity
   to determine his rights to premises in question, and, where
   he availed himself of such right in an unlawful detainer pro-
   ceeding, landlord's motion that the unlawful detainer proceed-
   ing and equitable action be consolidated was properly overruled
   on tenant's objection, since in unlawful detainer proceeding,
   tenant was entitled to a jury trial as matter of right, which
   perhaps would not have been the case if actions were tried
   together.

3. TRIAL—COURT'S STATEMENT AS TO HIS CONSTRUCTION OF INSTRUC-
   TION UPON WHICH COUNSEL COULD NOT AGREE HELD NOT ERROR.
   That court, during colloquy between counsel, respecting mean-
   ing of certain instruction, in answer to defendant's counsel,
   merely stated his construction of instruction in few words,
   *held,* not error as the giving of an oral instruction to jury.

Headnote 1.   26 C. J. p. 843, 35 C. J. p. 1235.
Headnote 2.   1 C. J. pp. 1129, 1130.

Appeal from District Court, Third District, Salt Lake
County; *Chris Mathison,* Judge.

Forcible entry and detainer proceeding by T. A. Williams,
receiver of the Joseph Nelson Supply Company, against
Joseph Nelson. Judgment for plaintiff, and defendant ap-
peals.

AFFIRMED.

*Hurd & Hurd* and *Geo. C. Buckle,* all of Salt Lake City.
for appellant.
*Booth, Lee, Badger, Rich & Rich,* of Salt Lake City, for
respondent.

FRICK, J.

The plaintiff commenced this proceeding in the district court of Salt Lake county, pursuant to the provisions of Comp. Laws Utah 1917, §§ 7313 to 7327, inclusive, commonly known as the forcible entry and detainer statute. The complaint, conforms to the requirements of that statute, which relates to the recovery of the possession of real estate where a tenant unlawfully holds possession after the expiration of his term, or where the tenancy has been terminated for failure to pay rent.

Plaintiff, in his complaint, after describing the premises in question, in substance alleged that the defendant occupied the premises under an oral lease from month to month, commencing August 1, 1922; that he had failed and refused to pay the rent agreed upon; that due notice of the termination of the tenancy and to surrender the property had been served on the defendant; that there was due and owing unpaid rent amounting to $650; and that the defendant was unlawfully holding possession of the premises.

The defendant, in his answer to the complaint, admitted the service of the notice as aforesaid, and denied all other material allegations of the complaint. As an affirmative defense, the defendant averred that on a certain date prior to the alleged lease and at the time of making the answer he was the owner of the premises described in the complaint that on the 14th day of July, 1922, he had "signed and recorded" what purported "to be a warranty deed conveying" the premises in question to the Joseph Nelson Supply Company, hereinafter called company; that said deed was obtained from the defendant by means of fraud and duress practiced upon him by the creditors of said company, setting forth the acts constituting the alleged fraud and duress; that, although a consideration is recited in said deed, yet none was in fact paid. It also appears, both from the complaint and from the answer, that the plaintiff was the duly appointed, qualified, and acting receiver of said company. A reply was filed in which, in effect, all of the affirmative averments contained in the answer were denied.

The case was tried to a jury, which returned a verdict in

favor of the plaintiff for a restitution of the premises. Judgment was entered accordingly. A motion for a new trial was filed by the defendant, but the same was denied, and defendant appeals.

At the time of the trial, defendant offered to prove that, although he had conveyed the premises in question by warranty deed to the company, he nevertheless continued to be and then was the owner thereof, for the reason that said deed was obtained by means of threats, fraud, and duress by the creditors of said company, and was therefore void. In other words, the defendant attempted to try the title to the premises in this proceeding. The district court held that the defendant could not attack the title in this proceeding, and in effect limited the introduction of evidence to the questions of making the deed, the payment of rent, and the right of possession, etc.

Defendant's counsel vigorously assail the court's ruling in that regard. Counsel, as we understand them, not only insist that, inasmuch as the defendant denied the alleged lease, and that in his answer he had averred that he was in possession of the premises when the deed was executed, and continued to be and was still possessed of the same when the alleged lease was entered into, for those reasons he had a right to show the facts respecting the title to the premises by proof that the deed which purported to convey the title was void, and therefore he was not required to pay rent, and hence could not be in arrears, and the plaintiff was not and could not be entitled to the possession of the premises. In view of that, counsel, both in their brief and in oral argument, have with much vigor, argued that the ruling of the court in refusing to admit the proffered evidence was erroneous, and that the defendant was thereby deprived of a substantial right, and, for the reason that the question arises for the first time in this jurisdiction, we have gone into the law upon the subject with more than ordinary care.

Defendant's counsel cite and rely upon the following cases: *Smith* v. *Smith & Walker*, 81 Tex. 45, 16 S. W. 637; *Uhlig* v. *Garrison*, 2 Dak. 71, 2 N. W. 253; *Byrne* v. *Beeson*, 1

Doug. (Mich.) 179; *Laken* v. *Roberts,* 54 F. 561, 4 C. C. A. 438; *Conolly* v. *Rosen,* 144 Ark. 442, 22 S. W. 716; *Blankenship* v. *Blackwell,* 124 Ala. 355, 27 So. 551, 82 Am. St. Rep. 175; *Wilborn* v. *Whitefield,* 44 Ga. 51; *Davis* v. *Canal Co.,* 109 N. Y. 47, 15 N. E. 873, 4 Am. St. Rep. 418; *Buell* v. *Cook,* 4· Conn. 238; *Simon Newman Co.* v. *Lassing,* 141 Cal. 174, 74 P. 761; *Carter* v. *Marshall,* 72 Ill. 609; *Harvin* v. *Blackman,* 108 La. 426, 32 So. 452; *Lyon* v. *Washburn,* 3 Colo. 201; *Loring* v. *Harmon,* 84 Mo. 123; *Parrott* v. *Hungelburger,* 9 Mont. 526, 24 P. 14; *Jones* v. *Reilly,* 174 N. Y. 97, 66 N. E. 649. Counsel have also cited 2 Thompson on Real Property, § 1675; 1 Tiffany, Landlord & Tenant, 154; 35 C. J. p. 1228, § 568. We shall now proceed to review the foregoing cases as briefly as possible.

*Smith* v. *Smith & Walker, supra,* was an action in a court of general jurisdiction for an alleged balance due on rent. No question respecting the right of possession of the premises was involved.

*Uhlig* v. *Garrison, supra,* was an action in ejectment. It must suffice to say that the decision is not in point here.

*Byrne* v. *Beeson, supra,* is designated as a proceeding "in forcible entry and detainer" under the Michigan statute. The defendant denied that the relationship of landlord and tenant existed between him' and the plaintiff, and offered to prove that he was the tenant of another who was permitted to intervene in the action. There is no doubt that a tenant may always deny that the relationship of landlord and tenant exists, and that is practically all that was permitted in that case.

*Laken* v. *Roberts, supra,* was an action in ejectment. It was held that the relationship of landlord and tenant had not been established, and hence the plaintiff did not succeed in the action.

*Conolly* v. *Rosen, supra,* was commenced as a proceeding under the forcible entry and detainer statute in an inferior court. The action was, however, by stipulation of the parties, transferred to a court of chancery, where it was found

that the defendant was not the tenant of the plaintiff, and the plaintiff failed to recover.

*Blankenship* v. *Blackwell*, supra, was an action to recover rent aided by an attachment. It was held in that case that "the tenant is estopped from disputing the title of his landlord," and further that, "upon a failure on the part of the plaintiff [landlord] to prove such lease, he could not recover." The court then proceeds:

"However, when the plaintiff fails to establish such a valid lease as the law requires to operate an estoppel against an alleged tenant such tenant will, in certain cases, be allowed to set up a paramount title in himself or out of the lessor."

We fail to see how that case can aid the defendant in this action. It necessarily follows that, in case the relationship of landlord and tenant does not exist, there is nothing upon which to base the estoppel, and hence the alleged tenant, like any other claimant, may assail the title. In the instant case, however, the relationship does exist, and hence the principle which controls as between landlord and tenant applies.

*Wilborn* v. *Whitefield*, supra, was an action in ejectment in which the landlord again failed to establish the relationship, and hence failed to recover.

*Davis* v. *Canal Co.*, supra, has no application to this case.

In *Buell* v. *Cook*, supra, the plaintiff in the action failed because he could not establish the relationship of landlord and tenant.

*Simon Newman Co.* v. *Lassing*, supra, is a California case. That was a proceeding under the forcible entry and detainer statute, and what is said in the course of the opinion lends color to defendant's contention. We shall hereinafter refer to that case again.

*Carter* v. *Marshall*, supra, was an action in equity in which it was correctly held that the principle that the tenant cannot dispute the title of his landlord does not stand in his way in proving that the alleged lease which is the basis of the action is void and of no effect. While defendant's counsel claim that such in effect is what they offered to prove in

this case, yet it is very clear that such is not the case. What they attempted to prove was that the plaintiff could not recover because the deed conveying the premises to the company was void. Had they alleged and attempted to prove that the alleged lease under which plaintiff claimed was obtained by means of fraud, etc., the case would be quite different. As we shall see hereinafter, however, what the defendant attempted to do in this case was likewise attempted in other cases but without success.

*Harvin* v. *Blackman,* supra, was an action in equity in which fraud was alleged. It was set up as a defense in the answer that the plaintiff in the action was the tenant of the defendant, and was therefore, estopped from denying the title of the latter. It is sufficient to state that, under the issues of that case, the court was clearly right in going into the whole case.

*Lyon* v. *Washburn,* supra, was an action to recover rent. In that case the court enforced the estoppel against the tenant, and hence the case is not in point here unless it be so as against defendant's contention.

*Loring* v. *Harmon,* supra, was an action in ejectment where fraud was in issue. The court, in the course of the opinion, in passing on the alleged claim of the tenant that he was induced to enter into the lease there in question by means of fraud, etc., practiced on him, said:

"The defendant offered in evidence a warranty deed from Whitney W. Simons to Kephart D. Klein, dated March 2, 1874, filed for record March 31, 1874; and a quitclaim deed from Klein to defendant dated August 30, 1878. This was all the evidence in the case. There was then judgment for the plaintiff, and defendant filed his motion for a new trial, and as cause alleged that 'there is no evidence in the case tending to support the judgment and finding of the court.' "

The Supreme Court affirmed the judgment upon the ground that the title was not in issue.

*Parrott* v. *Hungelburger,* supra, was an action in ejectment. The general rule which obtains between landlord and tenant is there stated. The case is both interesting and illuminating. It is of importance only, however, because the

court refused to follow the California cases upon the question of the tenant's right to assail or question his landlord's title. It is there held that a tenant may always deny the relationship and may assail the lease under which the landlord claims for fraud, duress, etc., but that he may not, without first surrendering the possession of the premises, dispute the title of his landlord.

*Jones* v. *Reilly,* supra, was commenced as a summary proceeding under the statute to recover possession of real property. The case was, however, by stipulation of the parties, converted into an action in ejectment and was so treated by the court. The tenant alleged that the lease was obtained by means of fraud practiced on him. In that case, as in the one at bar, the tenant sought to establish title in himself. The proffered evidence to establish that fact was, however, excluded. The court, in the course of the opinion said:

"The appellants further complain of the exclusion by the trial court of deeds made by Henderson and his assertion of claim of ownership to the property made at the time of the alleged lease. The ruling of the trial court on these matters was correct. Henderson was in possession of the premises before the making of the lease. Nevertheless the doctrine that a tenant cannot dispute the title of his landlord applied to him as well as to a tenant who enters into possession under a lease. The doctrine, it is true, is qualified to a certain extent. Thus, if the tenant has been induced to take the lease by force, fraud, misrepresentation, or possibly by mistake, the estoppel does not obtain. 2 Taylor, § 707. In *People ex rel. Ainslee* v. *Howlett*, 76 N. Y. 574, the defendant was allowed to show that the lease was a mere power for a usurious agreement for the loan of money to him by the party claiming to be landlord. But the tenant cannot merely by his own act destroy the estoppel. So in *Whiting* v. *Edmunds*, 94 N. Y. 309, it was held that a tenant cannot by disclaimer or by mere words denying his landlord's title and asserting one of his own, work a forfeiture of his tenancy, or set running an adverse possession. In other words, the tenant or his grantees may avoid the estoppel by attack on the means by which the lease was originally procured, but not by his or their own subsequent acts or declarations."

It is not necessary for us to refer to the citations from the text-writers to which reference has been made.

We have thus referred to every case cited by counsel, and

have shown the nature of the actions there passed on. It is true that in those cases the principle that a tenant may not dispute the title of his landlord, while continuing in possession of the premises which are in question, is discussed, and the exceptions to the general rule are stated. Yet in no case was it held that the tenant may go further than to assail the alleged lease, and that the relationship of landlord and tenant does not exist. In all of them it is held, however, that the tenant cannot litigate the title of the premises of which he went into possession as tenant.

Proceeding now to a consideration of plaintiff's authorities, we refer to the following: *Williams* v. *Wait*, 2 S. D. 210, 49 N. W. 209, 39 Am. St. Rep. 768; *Hodges* v. *Waters*, 124 Ga. 229, 52 S. E. 161, 1 L. R. A. (N. S.) 1181, 110 Am. St. Rep. 166, 4 Ann. Cas. 108; *Lynch* v. *Perryman*, 29 Okl. 615, 119 P. 229, Ann. Cas. 1913A, 1065; *Felton* v. *Millard*, 81 Cal. 540, 21 P. 533, 22 P. 750; *Knowles* v. *Murphy*, 107 Cal. 107, 40 P. 111; 19 Cyc. 1147; 26 C. J. 842, § 92; 16 R. C. L. 1186, § 708.

The case of *Williams* v. *Wait*, supra, was an action in forcible entry and detainer, and the precise question that we are now considering was there decided. In view that the court passes on the question fully, we take the liberty of quoting somewhat liberally from the opinion. The court said:

"Upon his part, and as a defense to this action for possession, defendant offered to show by Lucy A. Waite, his wife, that she was induced to sign the deed from defendant and herself to plaintiff by a threat made by plaintiff that, if she did not do so, he would cause her husband to be arrested and placed in the penitentiary, and that she would not have signed said deed but for fear that he would carry out said threat. The offer was rejected by the court, defendant excepted, and alleges error thereon. There was no error in this ruling of the court. This was an action to recover possession of the premises described. By the lease defendant had recognized the plaintiff as his landlord, and had undertaken to vacate and surrender the premises to him at the expiration of his term. That the tenant cannot ordinarily dispute his landlord's title is too elementary a proposition to support by authorities. But this was a direct attempt in a collateral action to show that the

landlord had no title, because he acquired it through fraud or meanace. Defendant might have proved, if he could, that the lease itself was so procured, for that would have destroyed its effect as a lease. We were at first influenced, perhaps, by the apparent equities of the case, inclined to think that the defendant, not having obtained his possession from plaintiff, or through the lease, would not be bound by the rule, and we should find some authority for such holding (see *Tewksbury* v. *Magraff*, 33 Cal. 237; *Franklin* v. *Merida*, 35 Cal. 558; *Davison* v. *Ellimaker*, 84 Cal. 21, 23 Pac. 1026), but the weight of authority is evidently against such view. Mr. Washburn, in his work on Real Property (5th Ed.), says of it: 'But this doctrine has been considerably limited in the court which declared it, and is not sustained by the general current of authority.' In *Ward* v. *Philadelphia* (Pa.) 6 Atl. 263, plaintiff had been in possession from 1874 to 1881 under a deed to him. He then became a party to a lease with the city, agreeing to pay rent, supposing the city's title was better than his own. Afterwards he became satisfied that he had a better title than the city, and refused to pay rent. The city distrained. Upon the trial, the dominant question was whether or not Ward was estopped from impeaching his landlord's title. The court held that, while the tenant might show that the lease was obtained through fraud, misrepresentation, or mistake, yet the mere fact that the tenant had a better ttile than his landlord did not raise a presumption that the lease was a fraud or accepted by mistake. The lease was held biuding and the tenant estopped."

In addition to what we have quoted the court refers to and reviews a number of cases which fully sustain its conclusions.

*Lynch* v. *Perryman*, supra, was an action to recover rent. Practically the same questions that were involved in *Williams* v. *Wait*, supra, were passed on in the Oklahoma case. The decision in that case fully supports the one cited from South Dakota. Defendant's counsel, however, urgently insist that, in view that the defendant was in possession at the time the alleged lease was made, the general rule between landlord and tenant does not apply. It is true that there are a few early California cases to that effect, namely, *Tewksbury* v. *Magraff*, 33 Cal. 237, and *Franklin* v. *Merida*, 35 Cal. 558, 95 Am. Dec. 129. The great weight of authority is, however, adverse to the California cases. Besides, as we shall hereafter see, the California cases have no application

to proceedings like the one in the instant case. In 4 Ann. Cas. supra, at page 108, in a note to the case there reported, it is said:

"The rule that one who goes into possession as a tenant of another is estopped to deny the title of his landlord is, in the majority of jurisdictions, applied equally to a case where the tenant was in possession at the time of the lease."

In support of the text, cases from England, from the United States Supreme Court, from the federal courts, and from 24 of the state Supreme Courts are cited. The writer desires to state that there are additional cases from the state Supreme Courts which hold to the same effect that are not cited in the note referred to. The authorities are, however, to the effect that in no event can the title be drawn in question in a case such as the one we are considering, and that such is the case in whatever form the question may arise.

In *Mason* v. *Wolff*, 40 Cal. 246, it s held that the doctrine laid down in *Tewksbury* v. *Magraff*, supra, and for which counsel for defendant contend, has no application in a case of forcible entry and detainer. The court there said:

"We do not think the principle established in *Tewksbury* v. *Magraff*, 33 Cal. 237, that a tenant may, in certain cases, dispute his landlord's title without first delivering possession of the demised premises, applies to actions of this character. Here the question of title is not involved, and cannot be raised. In a certain sense the suit is brought upon the lease, and the consequence of entering into that contract can only be avoided by showing some fraud or mistake, which would have been sufficient to set aside the lease itself."

In *Felton* v. *Millard*, supra, the defendant, after denying the lease, as was done in this case, offered to prove at the trial that the deed under which the plaintiff in the action claimed was in fact intended as a mortgage, although the same was in form an absolute deed, and that the defendant was in fact the owner of the premises there in question. That is precisely what is claimed by the defendant in this action. The court, in passing upon the question, said:

"Waiving the question whether defendant offered to prove the facts which he sought to get before the court by appropriate evi-

dence, * * * still it is evident that what he wanted to prove was title, and title is not an issue in a statutory action of unlawful detainer."

What was attepted, therefore, in that case is precisely what the defendant attempted in this case; namely, that although the plaintiff had the paper title, the real ownership, nevertheless, was in the defendant. In the California case referred to defendant attempted to prove that the deed was not what it purported to be and did not convey the title, while in the instant case the defendant attempted to prove the same thing by showing that the deed was of no effect for the reasons stated by him. The authorities are practically unanimous, however, that such may not be done in a summary proceeding like the one we are considering. To the same effect as the other California cases is *Knowles* v. *Murphy*, 107 Cal. 107, 40 P. 111.

Proceedings under the forcible entry and detainer statute are in a class by themselves. Such proceedings can generally be instituted in all inferior courts and courts of special and limited jurisdiction, and are intended to afford a speedy and adequate remedy to obtain the possession of real estate by the landlord against his tenant. Nothing is ordinarily in issue in such proceedings except the relationship of the parties, which must arise out of a lawful contract and not by operation of law, whether the lease has been terminated according to its terms or for failure to pay the rent, whether the tenancy was for an indefinite period, and, if so, whether the proper notice terminating the tenancy had been served on the tenant. A mere cursory examination of our statute discloses that it was not intended that anything should be litigated in such proceedings except the questions just stated. In almost every section something is said indicating that the proceedings are intended to be speedily tried and terminated. Even the time for appeal to this court is shortened to 10 days, when in all other actions it is 6 months from the entry of judgment. Moreover, in case the defendant can show that he has "been in the quiet possession thereof [the premises] for the space of one whole

year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined,'' such showing is a bar to the proceeding. That provision alone clearly shows that the intention of the statute is not to try title or to litigate the equities between the parties. In referring to the jurisdiction of courts in such proceedings, the general rule is stated in 19 Cyc. 1147, thus:

"So, where jurisdiction to hear and determine forcible entry and detainer cases is conferred on courts of superior jurisdiction, they exercise a special, statutory, and extraordinary power, and stand upon the same footing, and are governed by the same rules as courts of limited and inferior jurisdiction."

To the same effect is 26 C. J. 842, § 92.

In 16 R. C. L. 1186, § 708, it is clearly pointed out that in unlawful detainer proceedings the tenant can only avail himself of the defenses that the relationship of landlord and tenant does not exist by reason of the invalidity of the lease under which the landlord claims, or that there is no lease or contract to pay rent of any kind, or that no rent is past due. In some jurisdictions, however, if it becomes necessary for the tenant to show that for some adequate equitable reason he should not pay the rent or be ousted from the premises he may enjoin the summary proceeding and bring an action in a court of general jurisdiction to test the equities and hold the summary proceeding in suspense until such action is determined. As a matter of course, in this jurisdiction the tenant may at any time institute an action in a court of equity to determine his rights to the premises in question. He may, however, not remain in possession of the premises as tenant and nevertheless dispute the title of his landlord. And that is true in any kind of an action.

In this case the defendant availed himself of his right to bring an action in a court of general jurisdiction—that is, in equity; and the plaintiff, by proper motion, moved that this proceeding and the action aforesaid be tried together. The defendant objected to the consolidation of the actions, as he had a right to do. No doubt he objected for the reason that he hoped to gain some advantage by trying this

proceeding separately.   In this proceeding he was entitled to a jury trial as a matter of right, of which he availed himself, which perhaps would not have been the case if the actions were tried together.   The court overruled the motion, and properly so, in view of defendant's objections.

We have referred to this matter only to show that, in view of the limited issues in proceedings like the one in this case, it is wholly unnecessary to permit the tenant to present questions other than those which the district court permitted the defendant to present.   If the defendant is not the tenant of the plaintiff, or if he has entered into a lease which for any reason is invalid in law, or if he can show that he is not in arrears for rent, or that the tenancy has not been terminated he has a full and complete defense to the action.   If, upon the other hand, the plaintiff can prove the relationship of landlord and tenant by virtue of a valid lease or agreement to pay rent, and can further prove that the rent is in arrears, and that the defendant fails or refuses to pay the same, and that the lease has by its terms expired or has been legally terminated, then the defendant should fail in the proceedings, regardless of the state of the title.

In passing from this question, we desire to refer again to *Simon Newman Co.* v. *Lassing,* supra, where, as pointed out, something is said in the course of the opinion lending color to defendant's contention.   That case has, however, never been followed by any other case so far as we are aware, even in the state of its origin.   Certainly it is not followed in any other jurisdiction, but has been expressly repudiated in other jurisdictions.   Moreover, all that is there said is that, where the deed conveying the premises and the lease under which the plaintiff claims constitute one transaction, the tenant may assail the deed as well as the lease, providing he is in possession at the time the lease is executed.   We remark that it was not necessary to so hold in that case because the question was not involved, and the court simply indicated what its holding would be if the question were presented.   Again, if a tenant could show that the lease was

void on the ground of fraud and duress, it was utterly im-
material whether the deed was also void or not, because, the
lease being void, he would have had a complete defense in the
action, and that was all that could be hoped for.

In view of the authorities, we are forced to the conclusion
that the rulings of the district court are strictly in accord-
ance with the law upon the subject, and hence are not vul-
nerable to defendant's objections.

It is, however, further contended that the evidence is
insufficient to sustain the verdict and judgment. We have
carefully read all of the evidence preserved in the bill of
exceptions, and we are again forced to the conclusion that
the contention cannot be sustained. True it is that the
plaintiff did not make it entirely clear at what particular
time the lease under which he claimed became effective.
Upon that question, however, the defendant left no room
for doubt. He testified that the payments made by him
commenced on the 1st day of August, 1922, and that is the
date upon which the plaintiff alleged the tenancy commenced.
True, the defendant insisted that the payments were made
for some other purpose than the payment of rent. The jury,
however, found against him on that question, and that find-
ing is conclusive upon us. The time when the payments
began was therefore admitted by the defendant, and, that
being so, fixed the precise time when, according to the con-
tention of the plaintiff, the lease became effective. It was
utterly immaterial for what purpose the defendant claimed
the money was paid when the jury found that in fact it
was for rent. The material thing by his admission was when
the payments commenced.

In this connection we also desire to call attention to the
fact that all the defendant did or attempted to do was to
deny the lease. He made no claim that if it existed it was
invalid for any reason. Indeed, after having denied the
lease, he could not take the inconsistent position that it ex-
isted but was void. The jury having found that he had
entered into a lease, as contended by plaintiff, that he paid
the rent up to a certain time and failed to pay the same as

it became due after that time, and that the tenancy was terminated by the service of the statutory notice, the defendant therefore had no defense.

It is, however, also insisted that the court erred in stating the issues. There is no merit to this contention. The issues were tersely but clearly stated. The only fault, if any, was in stating defendant's alleged defense to the deed which might well have been omitted. The defendant, however, was not and could not have been prejudiced by the statement and hence the contention cannot prevail.

It is further contended that the court erred, in that it gave an oral instruction to the jury. This contention is clearly without merit. What the court did occurred during a colloquy between counsel respecting the meaning of a certain instruction; defendant's counsel placing a certain construction upon it, while plaintiff's counsel questioned that construction. The court, in answer to defendant's counsel, merely stated his construction of the instruction in a few words. It would be going beyond the bounds of reason to hold that to do that under the circumstances, or under any circumstances, constituted error at all, much less prejudicial error.

We have perhaps devoted more labor and space to this case than was absolutely necessary. In view, however, that the question is novel as well as important in this jurisdiction, we have felt justified in going into the matter fully.

In view of the foregoing, it follows that the judgment should be, and it accordingly is, affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.